UNITED STATES, Appellee,

v.

Chief Warrant Officer Louis G. CHO-
DARA, 399–48–6427, United States
Army, Appellant.

ACMR 8801244.

U.S. Army Court of Military Review.

3 Jan. 1990.

For Appellant: Larry M. Evans, Esquire, Captain Jon W. Stentz, JAGC, Captain Andrew G. Oosterbaan, JAGC (on brief).

For Appellee: Colonel A.F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before DeFORD, KANE, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer members of wrongful use of cocaine in violation of Article 112a of the Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. III) [hereinafter UCMJ]. His approved sentence includes a dismissal, confinement for six months, and forfeiture of all pay and allowances.

On appeal, the appellant asserts a number of errors including a contention that the court-martial lacked *in personam* jurisdiction. This court specified additional issues concerning subject matter jurisdiction. On the facts and evidence of this case we find that the Government has failed to establish subject matter jurisdiction and find that the appellant's conviction is void for lack of that jurisdiction.

The appellant is a reservist who was ordered to active duty for training purposes. In accordance with his orders, he reported for duty on 11 February 1988. On 12 February, the appellant submitted a urine sample which later tested positive for benzoylecgonine (BZE), a metabolite of cocaine.[1] On the basis of this positive result,

---

**1.** At trial, the Government introduced expert testimony by Major (MAJ) Jeffrey A. Gere, an expert in the field of forensic toxicology and the chief of the United States Army Forensic Toxicology Drug Testing Laboratory. MAJ Gere tes-tified that free-form cocaine is an organic compound foreign to the human body which is not very soluble in water. In order to excrete cocaine, the human body must convert such non-soluable substances into water soluble sub-

the appellant was convicted of wrongful use of cocaine.

I

In *Solorio v. United States,* the United States Supreme Court overruled its decision in *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), which limited the subject matter jurisdiction of courts-martial to those crimes which have "service connection." *Solorio v. United States,* 483 U.S. 435, 107 S.Ct. 2924, 2925, 97 L.Ed.2d 364 (1987). The Court held that subject matter jurisdiction of courts-martial turns on but a single factor: "the military status of the accused." *Solorio v. United States,* 107 S.Ct. at 2926–2927. Although *Solorio* restores the law of subject matter jurisdiction of courts-martial to that which existed prior to the *O'Callahan* decision, *Solorio* does not stand for the proposition that subject matter jurisdiction is coterminous with personal jurisdiction.

 A court-martial has personal jurisdiction over any person who is subject to the Uniform Code of Military Justice at the time of trial. The status of a particular accused is determined pursuant to Article 2 of the Code, 10 U.S.C. § 802. *United States v. Cline,* 29 M.J. 83, 85 (C.M.A. 1989). The subject matter jurisdiction of courts-martial is limited to violations of the Code committed by persons subject to the Code. Articles 18, 19, and 20, UCMJ, 10 U.S.C. §§ 818, 819, 820; *see Solorio v. United States,* 107 U.S. at 2926–2927. Thus, a court-martial has subject matter jurisdiction only over those violations of the Code which are committed by persons who are subject to the Code *at the time of the offense. Solorio v. United States,* 107 S.Ct. at 2933; *United States v. Jordan,* 29 M.J. 177, 184–185 (C.M.A.1989).

Consequently, a court-martial may have subject matter jurisdiction because an offense was committed by a soldier, yet lack personal jurisdiction because the soldier who committed the crime has been discharged or released from service. *United States v. Howard,* 20 M.J. 353, 354 (C.M.A. 1985). Conversely, a court-martial may have personal jurisdiction over an accused because of his service status, yet lack subject matter jurisdiction because the offense charged was committed at a time that the accused was not a member of the armed services and thus not a person subject to the Code. *See United States v. Jordan,* 29 M.J. at 184–185.

Reservists, including the appellant, are personnel who are subject to the Code during periods of inactive-duty training, Article 2(a)(3), UCMJ,[2] and during periods of active duty, Article 2(a)(1),[3] UCMJ; reservists at all other times are not subject to the Uniform Code of Military Justice. *See United States v. Cline,* 29 M.J. 83 (C.M.A. 1979); *Solorio v. United States,* 107 S.Ct. at 2927 (the scope of court-martial jurisdiction is a matter reserved to Congress).

In the case at bar, the Government introduced evidence that the appellant's urine had tested positive for the metabolite BZE and introduced expert opinion that BZE is a metabolite of cocaine which neither occurs naturally in the human body nor from any other substance. The evidence of record established that the appellant had used cocaine at some time. *See United States v. Boulden,* 29 M.J. 44 (C.M.A.1989). *See also United States v. Murphy,* 23 M.J. 310 (C.M.A.1987); *United States v. Harper,* 22 M.J. 157 (C.M.A.1986).

II

 The Government's theory of subject matter jurisdiction was premised solely

---

stances which can be readily excreted. Thus, the human body reduces cocaine into various chemical compounds other than free-form cocaine. Consequently, although free-form cocaine may *sometimes* be present in the urine of a person who has ingested cocaine, that substance will generally be excreted as other chemical compounds known as "metabolites." One of these compounds is benzoylecgonine. MAJ Gere further testified that benzoylecgonine is not a natural product of the human body and

that no substance but cocaine will produce benzoylecgonine.

2. 10 U.S.C. § 802(a)(3) (amended 1986). The Government has neither alleged nor offered evidence that the appellant used cocaine during a period of inactive duty training.

3. 10 U.S.C. § 802(a)(1) (1982).

upon the proven allegation that the appellant's body had the metabolite BZE in his system during a period of active duty service. Therefore, the question before this court is whether a urine sample testing positive for the presence of BZE less than thirty-six hours after the appellant entered active duty is sufficient to establish wrongful use of cocaine, a prohibited substance, in violation of Article 112a, UCMJ, by a person subject to the Code.

A Government expert testified that cocaine, once ingested, is "metabolized," a process whereby the complex chemical structure of cocaine is broken down into simpler, water-soluable chemical compounds that the human body can more readily excrete. Because the speed of this process depends on many factors, the Government's expert testified that the time at which the appellant ingested the cocaine could not be scientifically determined from the results of the urinalysis. Further, the Government expert could offer no conclusions as to when the appellant was under the physiological influence of cocaine based on the test alone. Finally, the expert testified that the appellant's urine had not been tested for any residual amounts of cocaine which may or may not have been present and that BZE is not the "intoxicating" or psychoactive ingredient of cocaine. Consequently, the presence of BZE in appellant's urine only established that he had consumed cocaine at some time in the past, as we have previously noted.

### A

At trial, the Government argued that use of cocaine is a continuing offense.[4] In order to establish subject matter jurisdiction in this case the prosecution was required to prove beyond a reasonable doubt that the appellant used cocaine at a time his use of that narcotic substance was prohibited by the Uniform Code of Military Justice. *See* paragraph 37(b)(2), Part IV, Manual for Courts–Martial, United States, 1984.

Proof that this appellant's body contained the metabolite BZE alone does not, *per se*, establish a violation of Article 112a, UCMJ. *United States v. Harper, supra.* Metabolites identified through urinalysis are not controlled substances nor are they analogues of controlled substances. They can be evidence of the use of controlled substances. *See United States v. Reichenbach*, 29 M.J. 128, 132 (C.M.A.1989) citing 21 U.S.C. 802. However, their discovery in and of itself does not determine the time of such use.

Consequently, the prosecution failed to establish that the appellant used cocaine while subject to the Code. Accordingly, they failed to establish subject matter jurisdiction over the offense of wrongful use of cocaine in violation of Article 112a, UCMJ.

### B

In summary, subject matter jurisdiction is a matter which must be affirmatively established by the prosecution. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 905(c)(2)(B). In the case at bar, there is no evidence of actual use of cocaine by the appellant while on active duty. The facts of record do, however, establish that less than thirty-six hours elapsed between the appellant's entry onto active duty and the taking of his urine sample which tested positive for BZE. From the evidence of record including the expert's testimony regarding metabolism and the reduction of cocaine into BZE, two opposing inferences are equally permissible: 1) the appellant committed and completed the offense before entering active duty; or 2) the appellant committed the offense while on active duty. Because these inferences are equally permissible and because the burden of establishing subject matter jurisdiction beyond a reasonable doubt lies with the prosecution, the issue of subject matter jurisdiction must be resolved adversely to the prosecution. As

---

**4.** This assertion was made during a pretrial hearing. The Government argued that the presence of BZE in the appellant's urine established that the appellant was under the effects of cocaine at the time the appellant's urine sample was taken. The testimony of the Government's expert witness contradicted this assertion.

subject matter jurisdiction was not established, appellant's conviction is void as a matter of law.

In view of the foregoing finding, the appellant's remaining alleged assignments of error to include those raised under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are moot.

Accordingly, the finding of guilty and the sentence is set aside. The charge is dismissed.

It is so ordered.

Judge KANE and Judge WERNER concur.