**UNITED STATES**

v.

**Senior Airman Trevet D. DAVIS, FR 444–64–6768, United States Air Force.**

**ACM 27871.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 May 1989.

Decided 31 Jan. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major George P. Clark.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Captain Morris D. Davis and Captain Leonard R. Rippey.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION

LEONARD, Judge:

Appellant pleaded guilty to and was convicted of two offenses of committing forceful sodomy with children under the age of 16 and two offenses of committing indecent acts with children under the age of 16. In his appeal, he asserts four errors. We agree with two of his assertions.

The first assertion is that it was error for the staff judge advocate, in his post-trial recommendation, to advise the convening authority that he did not have to review a videotape submitted by the appellant as part of his clemency matters under Article 60(b), UCMJ. We agree.

After the staff judge advocate prepared his post-trial recommendation and submitted it to the accused and his counsel, the appellant submitted a variety of clemency matters including a videotape and letters and notes written by him, his family and friends. The videotape is a statement by the appellant, approximately 35 minutes in length, recounting his own experiences of sexual molestation as a child, the impact of these incidents upon him, his feelings about the offenses he committed and asking for clemency with respect to his sentence. In the addendum to his recommendations to the convening authority, the staff judge advocate provided a four sentence synopsis of the videotape, stated that the videotape was redundant of the appellant's unsworn statement at trial, and advised the convening authority that he was not required to review the videotape. The staff judge advocate referred the convening authority to the portion of the record of trial that contained the unsworn statement and informed the convening authority that he was not required to review the videotape because an accused's submissions to a convening authority were limited to written matters. Despite his recommendation, he included the videotape with the other clemency matters sent to the convening authority with the addendum and suggested to the convening authority that he could review it if he wished. The convening authority, in a note in the margin of the addendum, responded "No" to this suggestion.

The Military Justice Act of 1983 created a statutory right for an accused to submit matters for the convening authority to consider before taking action on the accused's case. Pub.L. No. 98–209, section 5(a)(1), 97 Stat. 1393, 1395 (codified at 10 U.S.C. 860 (1983)). The corresponding Manual for Courts–Martial provision is R.C.M. 1105(b). Air Force Regulation 111–1, *Military Justice Guide*, paragraph 15–7a (Sep 1988)

provides further guidance on the matters an accused may submit.

The government, in its brief to this court, maintains that an accused is limited to presenting only written matters for a convening authority's consideration in acting on a case. They point out that R.C.M. 1105(b) provides:

> The accused may submit to the convening authority any *written* matters which may reasonably tend to affect the convening authority's decision whether to disapprove any findings of guilty or to approve the sentence.

(Emphasis added.)

The analysis accompanying the 1984 Manual for Courts–Martial provides that R.C.M. 1105(b) is based on Articles 38 and 60, UCMJ and paragraphs 48k(3) and 77a of MCM, 1969 (Rev.). MCM, App. 21, Rule 1105 (1984). Of these references, only paragraph 77a, MCM, 1969 (Rev.), entitled Recommendation for Clemency, limited an accused's submissions to a convening authority to written matters. However, this provision predated the Military Justice Act of 1983 and MCM, 1984 and, after 1 August 1984, the accused's right to submit matters, including matters of clemency, is based on Article 60(b), UCMJ.

■ Article 60(b), UCMJ does not contain any limit on the nature of the matters an accused may submit for the convening authority's consideration with respect to the findings and sentence. The only limits provided with respect to submission of the matters is a time limit for submitting them. Article 60(b)(1), UCMJ. Further, the convening authority's action on the case may only be taken after consideration of the matters submitted by the accused or after the time for such submissions has expired. Article 60(c)(2), UCMJ. The legislative history of the Military Justice Act of 1983 contains no indication that there was any intent to limit an accused's submissions to a convening authority to only written matters. On the contrary, the Senate discussions and the House report concerning this provision refer to the "matter" or "submission" an accused may make and insuring that the accused would have a sufficient time to gather and prepare his "matter" or "submission". 129 Cong.Rec. S5612 (daily ed. April 23, 1983) (statement of Sen. Jepsen); H.R.Rep. No. 549, 98th Cong., 1st Sess. 15, *reprinted in* 1983 U.S.Code Cong. & Admin.News 2177, 2180.

Paragraph 15–7a of Air Force Regulation 111–1, *Military Justice Guide*, provides the Air Force guidance on the matters an accused may submit for the convening authority's consideration. This paragraph provides the matters an accused submits may include clemency matters but does not provide any limitation on the form of the matters to be submitted.

We find the staff judge advocate's advice to the convening authority was erroneous. The inclusion of the word "written" before "matters" in R.C.M. 1105 is contrary to the wording of Article 60(b), UCMJ and the legislative history of the statutory right of an accused to submit matters for a convening authority's consideration. Further, it conflicts with the guidance contained in Air Force Regulation 111–1, *Military Justice Guide*, for an Air Force accused's submission of matters to his convening authority. The staff judge advocate should have advised the convening authority to review the videotape.

■ The appellant's second assertion of error is that the record of trial and allied papers do not establish that the convening authority properly considered the clemency matters submitted by the appellant before taking his action on appellant's case. We agree with this assertion only with respect to the videotape. The staff judge advocate's addendum to his recommendations to the convening authority summarized the items the appellant submitted, stated they were attached to the addendum, and informed the convening authority that he was required to read and consider the submissions other than the videotape. Other than the convening authority's notation with respect to the videotape, there is no indication that the items were not attached as stated or not reviewed. Therefore, with respect to the clemency submissions, other than the videotape, we are not required to speculate as to whether they were present-

ed to the convening authority or considered by him. *United States v. Craig*, 28 M.J. 321 (C.M.A.1989).

Appellant's next assertion of error is that the military judge erred in failing to *sua sponte* challenge for cause court members who had expressed a predisposition to adjudge a punitive discharge. We disagree and find no error on the part of the military judge's handling of the examination and selection of the court members.

All the prospective members were subjected to individual *voir dire* by both counsel and the military judge. When the members were informed of the offenses the appellant had pleaded guilty to, five of them indicated a predisposition to adjudge a punitive discharge. The trial defense counsel challenged one of these members for cause because of his inflexible attitude towards sentencing and that challenge was granted. The trial defense counsel then stated that he had no other challenges for cause, but later peremptorily challenged one of the other members who had expressed a predisposition to adjudge a punitive discharge. The other members who had expressed the predisposition were not challenged or excused and remained as members on the court-martial that adjudged the appellant's sentence.

R.C.M. 912(f)(1) lists grounds for challenges for cause. Having an inelastic opinion concerning an appropriate sentence is not specifically listed, but is considered to be included in subparagraph (N) which provides for a challenge for cause when a member:

Should not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality.

R.C.M. 912(f)(1), Discussion.

■ Failure to make a challenge for cause for a ground listed under R.C.M. 912(f)(1) or any other ground is waived if the party knew of the ground for challenge and failed to raise it in a timely manner. R.C.M. 912(f)(4). If counsel fail to make a challenge for cause, the military judge may, in the interest of justice, excuse a member against whom a challenge for cause would lie. *Id.* However, this provision is permissive in nature and the military judge is not required to excuse such members. A military judge is not required to second guess the tactical decision of a counsel not to raise a challenge for cause when counsel are obviously aware that grounds exist for such challenge. In his *voir dire* of the prospective members, the trial defense counsel fully developed the basis for a challenge for cause against all five members who indicated a predisposition to adjudge a punitive discharge. For whatever reason, he elected to assert a challenge for cause against only one of the five. Once he makes that election and waives the remaining challenges for cause, the military judge is not required to *sua sponte* excuse the members the trial defense counsel elected not to challenge.

The appellant's final assertion is that his sentence is inappropriately severe. Based on our disposition of this case, it is not necessary to address this issue at this time.

The action of the convening authority is set aside. The record of trial is returned to the convening authority for resubmission to his staff judge advocate for preparation of a new staff judge advocate's recommendation, consideration by the convening authority of all the matters submitted by the appellant and, after such consideration, a new action by the convening authority on appellant's case.