UNITED STATES, Appellant,

v.

Trevet D. DAVIS, Senior Airman, U. S. Air Force, Appellee.

No. 64,489.
ACM 27871.

U.S. Court of Military Appeals.

Argued Dec. 17, 1990.

Decided Aug. 9, 1991.

For the Appellant: *Captain Leonard R. Rippey* (argued); *Colonel Robert E. Giovagnoni* (on brief); *Major Brenda J. Hollis.*

For the Appellee: *Major George P. Clark* (argued); *Colonel Richard F. O'Hair* (on brief).

*Opinion of the Court*

EVERETT, Senior Judge:

Pursuant to his pleas, a general court-martial at Carswell Air Force Base, Texas, convicted Davis of twice committing sodomy by force with children under the age of 16 and of committing indecent acts on two other occasions with children under the age of 16, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. The court members sentenced the accused to a dishonorable discharge, confinement for 22 years, total forfeitures, and reduction to E–1.

Under the terms of a pretrial agreement, the convening authority approved the sentence except for reducing the confinement to 15 years; but the Court of Military Review set aside the convening authority's action. 29 MJ 1004 (1990). The Government then moved unsuccessfully for reconsideration of the court's decision. Thereafter, pursuant to Article 67(a)(2), UCMJ, 10 USC § 867(a)(2)(1989), the Judge Advocate General of the Air Force certified to us this issue for review:

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED BY HOLDING THAT THE CONVENING AUTHORITY COULD NOT RELY ON A SYNOPSIS OF A 35–40 MINUTE VIDEOTAPE SUBMITTED AS PART OF A CLEMENCY PACKAGE AND, INSTEAD, WAS REQUIRED TO VIEW THE TAPE IN ITS ENTIRETY.

I

On the day the accused's court-martial ended, trial counsel gave him written notice that, having "been convicted and sentenced by a court-martial," he had "the right to submit matters to the convening authority ... for consideration before the convening authority" took "final action on" the case. The prosecutor also advised the accused that "[t]he matters you submit may include *any matters* which might affect the convening authority's decision whether to approve or disapprove any findings of guilty or any part of the sentence in your case." (Emphasis added.) He further elaborated that "[t]hese matters may include," *inter alia*, "[a]ny other matters which you or your counsel believe the convening authority should be aware of before the action is taken in your case, whether or not it was available or introduced into evidence at your trial." Finally, trial counsel stated that "[a]ll matters you submit will be considered by the convening authority before the action is taken in your case."

Later the staff judge advocate served on Airman Davis a copy of the post-trial recommendation which he had prepared for the convening authority. In turn, Davis submitted numerous clemency matters, including a 35–40 minute videotape of himself and several letters and notes written by him, his family members, and friends.

In response to the clemency matters, the staff judge advocate prepared an addendum to his post-trial recommendation to the convening authority and gave this advice about the videotape which Davis had submitted:

Those matters include a videotape of Airman Davis discussing his molestation as a child, how he was mistreated as a child, and the molestation of the children of which he was convicted. The videotape, which is included, is about 40 minutes long. Airman Davis is frequently tearful and highly emotional in it, and the experience of recounting the incidents of abuse in his childhood and their effect is clearly traumatic itself. However, except for the evident distress it depicts, the videotape is redundant of Airman Davis' unsworn statement at pages 131–137 of the record of trial, which accompanies this addendum. *You are not required to view the videotape.* The right of a convict to submit matters related to clemency is limited to *written* matters, RCM 1105(b), just as videotape is not an acceptable substitute for a transcribed record of trial. *See United States v. Barton*, 6 MJ 16 (CMA 1978). Nonetheless, the videotape accompanies this addendum, and you may view it if you wish.

(Emphasis added).

Upon receiving the staff judge advocate's post-trial recommendation and the addendum, the convening authority wrote "No" in the margin to the addendum—next to where the staff judge advocate had written, "[Y]ou may view it [the videotape] if you wish."

Before the Court of Military Review, Davis contended that the staff judge advocate had erred in advising the convening authority that he did not have to review the videotape which the accused had submitted as a clemency matter pursuant to Article 60(b)(1) of the Uniform Code, 10 USC § 860(b)(1). That court concluded that, to the extent RCM 1105(b), Manual for Courts–Martial, United States, 1984, limits an accused to submitting only "written matters" for a convening authority's consideration, it contravenes Article 60(b) and the legislative history of that Article and, incidentally, is inconsistent with the guidance contained in paragraph 15–7a, Air Force Regulation 111–1, *Military Justice Guide* (Sep.1988). Accordingly, the court agreed with Davis that the staff judge

advocate should have advised the convening authority to review this videotape, because Article 60(b) does not contain any restriction on the nature or the form of the matters an accused may submit for the convening authority's consideration with respect to the findings and sentence. 29 MJ at 1006.

The Court of Military Review then set aside the convening authority's action in this case; returned the record of trial to the convening authority to resubmit it to his staff judge advocate for preparation of a new recommendation; directed further "consideration by the convening authority of all the matters submitted by" Davis; and ordered "a new action by the convening authority on" Davis' case after such consideration. *Id.* at 1007.

## II

### A

■ Article 60(b)(1) provides that, after conviction, "[t]he accused may submit to the convening authority matters for consideration by the convening authority with respect to the findings and the sentence." This codal provision does not state that the "matters" submitted by the accused have to be written.

RCM 1105(b), however, states:

The accused may submit to the convening authority any written matters which may reasonably tend to affect the convening authority's decision whether to disapprove any findings of guilty or to approve the sentence.

By limiting an accused to submission only of *written* matters to the convening authority, this Manual provision seems to conflict with Article 60(b)(1).

The Government contends, however, that the President was empowered by Article 36 of the Code, 10 USC § 836, to prescribe the "procedures" by which an accused may submit clemency matters for consideration by the convening authority. Therefore, it says, the accused must follow the procedure set out in RCM 1105(b), which requires the matters submitted to be· "writ-

ten." Moreover, RCM 1105(b) does correspond generally to paragraph 77*a*, Manual for Courts–Martial, United States, 1969 (Revised edition), which provided:

After the sentence has been announced, the defense may submit in writing for attachment to the record any matters as to clemency which it desires to have considered by the military judge, the members of the court, or the convening authority. The rules of evidence are not applicable to these matters, but they should not be cumulative of matters presented to the court before the sentence was announced.

However, of the several references in the Drafters' Analysis of RCM 1105, 1984 Manual, *supra* at A21–72 (Change 2), only this provision purported to limit an accused to submitting to the convening authority matters in writing.

Of course, paragraph 77*a* of the 1969 Manual, *supra*, predated the Military Justice Act of 1983, Pub.L.No. 98–209, § 5(a)(1), 97 Stat. 1395, which considerably revised appellate procedures for court-martial. In our view, when Congress in 1983 substantially changed the duty of the convening authority in appellate review and limited his role to clemency—rather than to a legal review of the conviction and sentence—it intended that this official should have the broadest authority to consider whatever an accused might submit to him in seeking clemency.

Article 60(b)(1) refers to "submission" of "matters" for consideration by the convening authority. "Matters" is a broad term, which would include almost any item. "Submission" is an equally broad term; and it would seem to apply to anything which an accused sends to the convening authority. Although these terms were used several times in Article 60, not once was either of them preceded by an adjective or other modifier which purported to restrict an accused's "matters" of clemency or an accused's "submission" of documents.

On the contrary, Congress specifically stated in Article 60(c)(2) that "[a]ction on

the sentence of a court-martial shall be taken by the convening authority ... only after consideration of *any* matters submitted by the accused under subsection (b)...." (Emphasis added.) Likewise, in Article 60(d), Congress reiterated that the accused "may submit *any* matter in response under subsection (b)." (Emphasis added.) Furthermore, the Senate Report explained that "Article 60(c) requires action on the sentence after ... consideration of *any* matters submitted by the accused...." (Emphasis added.) S.Rep. No. 53, 98th Cong., 1st Sess. 19 (1983).

Although Article 60 makes no mention of the form for an accused's post-trial "submission" of clemency "matters," it specifically provides that the staff judge advocate "shall include" in the post-trial recommendation "such matters as the President may prescribe by regulation...." *See* Art. 60(d). Likewise, the Senate Report states that "[t]he President shall prescribe the specific form and content of the recommendation in the Manual for Courts–Martial." S.Rep. No. 53, *supra* at 20. If Congress had intended for the President to prescribe the form and content of the accused's clemency materials, it would seem likely that Article 60 would have so provided—as it did with respect to the staff judge advocate's recommendation.

Furthermore, we note that, if the Government were correct, an accused would not even be entitled to submit to the convening authority a photograph of himself which displays his medals and awards. Undoubtedly, neither Congress nor the President intended this result.

Therefore, we agree with the court below that, insofar as RCM 1105(b) limits the accused to submitting only written materials, it clearly is inconsistent with Article 60 and the legislative history of the article. Accordingly, a staff judge .advocate may not properly inform a convening authority that he need not "consider" some of the "matters" that have been submitted to him by the accused; so the advice given by the staff judge advocate in this case was erroneous.

**B**

■ The Government is concerned that, if the accused's position is accepted, a convening authority may be subjected to an overwhelming burden in performing his post-trial duties. The spectre is raised of a busy commander who is required to sit through an interminable videotape submitted by an accused whose court-martial conviction he is reviewing. Indeed, appellate government counsel fear that requiring the convening authority to consider a videotape submitted by an accused ultimately will be expanded judicially into a requirement that an accused must receive a personal audience with the convening authority—that the accused in his own person will become a "matter" of clemency for the convening authority to consider.

The Government's concern is based on a misinterpretation of the requirement in Article 60 that a convening authority give "consideration" to the clemency matters submitted by an accused. For instance, in our view, "consideration" of a videotape does not mean that a convening authority has to view it minute-by-painful-minute. Likewise, if an accused has submitted a 30–page document seeking clemency, the convening authority does not have to read every word on each page of that document; and if there is a petition for clemency signed by a thousand persons, the convening authority does not have to read every name. In short, we believe that Congress intended to rely on the good faith of the convening authority in deciding how detailed his "consideration" must be.

**III**

The staff judge advocate's recommendation erred in implying that the convening authority need not consider the videotape and could instead rely solely on a written synopsis of it. Therefore, the first part of the certified question must be answered in the negative. However, contrary to an inference that might be drawn from the language of the rest of the certified question, our negative answer does not mean that

the accused's 35–40 minute videotape must be viewed "in its entirety" by the convening authority.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COX concurs.

SULLIVAN, Chief Judge (concurring in part and dissenting in part):

I agree with my Brother Judges that error occurred in this case and that the certified question should be answered in the negative. *See generally United States v. Craig,* 28 MJ 321 (CMA 1989). However, the content of the post-trial videotape was substantially the same as the accused's unsworn statement at trial. Accordingly, error in this regard was harmless. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). I would reverse the decision of the United States Air Force Court of Military Review setting aside the convening authority's action.