**UNITED STATES, Appellee,**

v.

**Specialist Christopher A. GOODWIN, 285–82–4848, United States Army, Appellant.**

**ACMR 9202303.**

U.S. Army Court of Military Review.

14 May 1993.

For Appellant: Major Fran W. Walterhouse, JAGC, Captain Roy H. Hewitt, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC, Captain Sheila E. McDonald, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

### OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of one specification of violation of a lawful general regulation and three specifications of distribution of marijuana, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for thirty months, total forfeitures, and reduction to Private E1. In compliance with a pretrial agreement, the convening authority approved a bad-conduct discharge, confinement for fifteen months, total forfeitures, and reduction to Private E1.

Only two of the errors asserted by appellant will be discussed in this opinion. He asserts that the violation of the regulation alleged does not state an offense cognizable under Article 92, UCMJ. He further asserts that his pleas of guilty to the drug distribution offenses were improvident because the military judge failed to advise him of the meaning of the term "wrongful" and did not elicit a factual predicate to substantiate wrongfulness. We affirm the findings of guilty and the sentence.

■ Concerning the violation of a regulation offense, the specification alleges, in pertinent part, "that [appellant] did ... violate a lawful general regulation, to wit: paragraph 10a(2), United States Army Europe Regulation 600–1 ... by wrongfully possessing a firearm that had not been registered according to United States Army Europe Regulation 190–6." Appellant con-

tends that United States Army Europe Regulation 600–1[1] is a punitive regulation which does not contain any procedures for the registration of firearms. The regulation which contains the firearms registration procedures is USAREUR Regulation 190–6,[2] which appellant contends is not a punitive regulation. Therefore, appellant contends, "the regulation fails to manifest any penal nature which might support a basis for prosecution under Article 92, UCMJ."

USAREUR Regulation 600–1, paragraph 10a(2), provides in pertinent part, "Personnel in [Germany] will not [p]ossess a privately owned firearm that has not been registered according to USAREUR Regulation 190–6 ..." USAREUR Regulation 190–6, paragraph 9a, provides, in pertinent part, "When a firearm is acquired in the command, the owner must present an approved AE Form 190–6D to [a registration station] before taking possession of the firearm." There is no question USAREUR Regulation 600–1 is punitive. Further, both regulations by their terms apply to a class which includes appellant.

During the providence inquiry, appellant stated that he bought a firearm from another soldier. He submitted the required form for approval but took possession of the weapon before it was approved.

Appellant cites *United States v. Asfeld*, 30 M.J. 917 (A.C.M.R.1990), as authority for his assertion of error. *Asfeld* involved an allegation of a violation of the Army standards of conduct regulation. The specification in *Asfeld* attempted to allege sexual harassment as a violation of the punitive provisions of the standards of conduct regulation, by referring to the regulation setting forth the Army's equal opportunity program. The latter regulation was clearly not punitive in nature, was a policy statement, and properly instructed the reader to look elsewhere in alleging criminal misconduct. We believe *Asfeld* is restricted to its

facts and is not controlling in the case before us.

"Terms in a regulation must be interpreted in light of the regulatory context in which they are found and in view of the purpose of the regulation as a whole." *United States v. Johnston,* 24 M.J. 271, 273 (C.M.A.1987) (citation omitted). Regulatory provisions which provide general guidelines or require implementation by subordinate commanders are not to be interpreted as punitive. *See generally United States v. Scott,* 22 U.S.C.M.A. 25, 27, 46 C.M.R. 25, 27 (1972).

In the case before us, we find nothing to prohibit the incorporation of the firearms registration provision of USAREUR 190–6 into USAREUR 600–1. Indeed, considering the entire regulation, the provision of USAREUR 190–6 alleged in the specification may be sufficient, standing alone, to withstand a challenge. We need not, however, decide that issue. No implementation of the regulation is required by a subordinate. It is clear to us that the specification alleges a violation of Article 92, UCMJ.

■ Appellant further asserts that the pleas of guilty to the distribution of marijuana offenses are improvident because the military judge failed to advise appellant of the meaning of wrongful and failed to elicit a factual predicate to substantiate it, citing *United States v. Mance,* 26 M.J. 244 (C.M.A.1988). In *Mance,* the issue relevant to this case involves the requirement for instructions to court members. The lead opinion is a professorial dissertation on types of knowledge. The reasons for Judge Cox's concern in his concurring opinion are evidenced by the issue before us. Sifting through the lead opinion, we conclude that wrongfulness in drug offenses involves knowledge of the character of the substance involved. 26 M.J. at 254. Wrongfulness does not require awareness of the precise identity of the controlled

---

1.  United States Army Europe Regulation 600–1, Personnel—General: Regulated Activities of Members of the U.S. Forces, Civilian Component, and Family Members (30 Aug. 1990) [hereinafter USAREUR Regulation 600–1].

2.  United States Army Europe Regulation 190–6, Military Police: Registration and Control of Privately Owned Firearms and Other Weapons in the Federal Republic of Germany (21 Aug. 1990) [hereinafter USAREUR Regulation 190–6].

substance, so long as an accused is aware that it is a controlled substance. *Id.* For example, an accused's belief that he possesses cocaine when in fact he possesses heroin is sufficient knowledge to establish wrongfulness. *Id.* "Likewise, if he knows the identity of a substance he is possessing or using but does not know that such possession or use is illegal, his ignorance in this regard is immaterial because ... ignorance of the law is no defense." *Id.* The presence of a controlled substance, under appropriate circumstances, authorizes a permissive inference of the knowledge required for wrongfulness. *Id.*

During the providence inquiry, appellant stated that he knew the substance which he received was hashish. This admission alone is sufficient to establish the wrongfulness requirement for the distribution offenses. In addition, appellant admitted that it was wrongful for him to transfer hashish. Thus, the providence inquiry was sufficient to support appellant's pleas of guilty to the specifications of distribution of marijuana. After examining the entire inquiry, we are convinced that appellant knew distribution of hashish was wrongful; the failure of the military judge to define wrongful was not fatal. *See United States v. Silver*, 35 M.J. 834, 836 (A.C.M.R.1992). Appellant's pleas of guilty to these offenses were provident. *See United States v. Davenport*, 9 M.J. 364 (C.M.A.1980); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

The assertions of error are without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.

**UNITED STATES, Appellee,**