**UNITED STATES, Appellee,**

v.

**Private First Class Manuel LOPEZ, 101–58–1308, United States Army, Appellant.**

**ACMR 9102826.**

U.S. Army Court of Military Review.

16 June 1993.

---

For Appellant: Captain Robin N. Swope, JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Louis E. Peraertz, JAGC (on brief).

Before De GIULIO, WALCZAK, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was found guilty of conspiracy to possess and distribute cocaine and wrongful use of cocaine, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a (1982 and Supp. V 1987) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge. The convening authority approved the sentence.[1]

Appellant asserts, *inter alia,* that his trial defense counsel was rendered ineffective by the military judge's refusal to grant a continuance to allow counsel time to review statements of witnesses prior to cross-examination. He also asserts that the members should have been challenged by the military judge because they all agreed that a soldier who reported positive

---

1. Although the record of trial indicates the charge sheet was corrected to reflect the appellant was a private first class rather than a specialist at the time of trial, the convening authority's action terms him a specialist.

during a unit urinalysis must be found guilty of knowing and wrongful use, and that trial defense counsel was ineffective for not making these challenges. He further alleges that the military judge failed to instruct the members that he must have known the contraband nature of the substance in order to be found guilty of the conspiracy. Finally, he challenges the legal and factual sufficiency of the evidence as to wrongful use of cocaine, maintaining that the government did not establish that he used cocaine within the time charged. We find no merit to appellant's assertions and affirm.

## I

### The Request for a Continuance

At a pretrial Article 39(a), UCMJ, session, appellant's civilian defense counsel requested copies of the transcripts of two proceedings involving the co-conspirator in which an undercover agent testified. Trial counsel informed the military judge that the proceedings were being transcribed and therefore had not been provided defense counsel. It was subsequently determined that only part of the proceedings were transcribed and the tape recordings of all the proceedings were available and would be provided to the civilian defense counsel. The court recessed. When the court was reconvened over an hour later, civilian defense counsel requested, "[m]ore time to adequately prepare the cross based upon that and as I stated in chambers, I'm willing to let the government go forward with their other witnesses and reserve cross ..."[2] This request was made after the undercover agent had testified on direct but before cross-examination.

At the request of the trial judge, trial counsel recited for the record that several of the witnesses were from out of country

and out of state. In denying the motion, the military judge stated,

[I] note the lack of defense requesting delay before this time; I note the government witnesses from out of town; I've considered the availability of the tapes since the trial prior to today, which were apparently available for examination; I notice that two counsel prepared to review it and the ability to consult with counsel. You may proceed with cross-examination."

Counsel proceeded to cross-examine the witness extensively. His cross-examination occupies approximately seventy pages of the record of trial.

 The decision to grant or deny a motion for a continuance is within the sound discretion of the military judge, and his decision will not be overturned except for a clear abuse of discretion. *United State v. Menoken*, 14 M.J. 10 (C.M.A.1982); *United States v. Phillips*, 37 M.J. 532, 536 (A.C.M.R.1993). After considering the military judge's reasons for denying the motion, we find no clear abuse of discretion.

In order to support an allegation of ineffective assistance of counsel, appellant must show that counsel's performance was deficient, and but for the deficiency, there would have been a different result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, we find that counsel's cross-examination of the witness was extensive and was not ineffective. Appellant has failed to show any deficiency. We hold that the military judge's denial of the motion for a continuance did not render counsel ineffective.

## II

### Failure to Challenge Members

During *voir dire*, the military judge asked the following questions:

---

**2.** This is another case where, apparently, a session was conducted pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 802 [hereinafter R.C.M.]. Again, a matter discussed in the R.C.M. 802 conference is before this court as an appellate issue. We do not know what was discussed in the conference. We have cautioned military judges on the use of

R.C.M. 802 conferences concerning matters which are potential appellate issues. *See United States v. Hamilton*, 36 M.J. 723 (A.C.M.R.1992); *United States v. Washington*, 35 M.J. 774 (A.C.M.R.1992); *United States v. Loving*, 34 M.J. 956 (A.C.M.R.1992); *United States v. Richburg*, ACMR 9201853 (A.C.M.R. 19 Apr.1993) (unpub.) ("In this regard, our patience is not unlimited.").

Does any member feel that if a service member is reported positive for cocaine on the urinalysis program that that person must be found guilty of knowing and wrongful use of cocaine, just by the fact they'd been reported? All members agree? All members agree. Does any member feel that if a service member is reported positive for cocaine or any drug in urinalysis, that it's the burden on that member to come in and prove his innocence? Any member believe that the burden's on an accused to show he's innocent if he comes up positive or been reported positive by a urinalysis program? Okay, all members agree that an accused has no burden to come in and prove innocence after they'd been reported, right?

During the remaining *voir dire*, the members agreed that they would follow the instructions of the military judge, that appellant had to prove nothing, that the burden of proof was on the government, and that the urinalysis collection and laboratory process must be conducted without substantial irregularities. They also agreed that the laboratory could make mistakes. The responses of Master Sergeant B, however, indicated that he may have retained a belief that an accused was required to prove his innocence after testing positive in a urinalysis. Subsequently, a challenge for cause against Master Sergeant B was granted.

Appellant's assertion of error has two parts. He asserts that the military judge should have challenged the members and that the trial defense counsel was ineffective for not challenging the members.

■ Appellant's basis for requiring a challenge to the members is the catchall provision of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 912(f)(1)(N) [hereinafter R.C.M.] which provides that a member should not sit in the interest of having the court-martial free from substantial doubt, as to legality, fairness, and impartiality. "[A] claim of unfairness dissipates if defense counsel could have reasonably discovered the grounds for his untimely challenges and examined these members on them through

*voir dire."* United States v. Lake, 36 M.J. 317, 324 (C.M.A.1993). A challenge is waived if the party knew of the ground and failed to raise it in a timely manner. R.C.M. 912(f)(4). A military judge is not required to *sua sponte* excuse members the trial defense counsel did not challenge. *United States v. Davis,* 29 M.J. 1004, 1007 (A.F.C.M.R.1990), *aff'd* 33 M.J. 13 (C.M.A. 1991).

■ In this case, the trial defense counsel was aware of the possible grounds for challenge. After further examination by the military judge, Master Sergeant B was challenged and the challenge was granted by the military judge. Failure to challenge other members on this ground waived the issue. We hold that the military judge was not required to excuse the members *sua sponte.*

■ We believe, however, that the answer here is more basic. There was no basis to challenge the remaining members. The question posed by the military judge to which appellant directs us was unartfully drawn. A court member's response to an unartful or ambiguous inquiry does not require that the military judge grant a challenge for cause. *United States v. Bannwarth,* 36 M.J. 265, 267 (C.M.A.1993); *United States v. Tippit,* 9 M.J. 106, 108 (C.M.A.1980). Here, a reading of all the questions of the military judge and the responses of the members convinces us that there was no basis to challenge the remaining members of the court.

Again, in order to support an assertion that his counsel was ineffective, appellant must show deficient performance and but for the deficient performance the result would have been different. *Strickland,* 466 U.S. 668, 104 S.Ct. 2052. Having found no basis to challenge the remaining court members, we find no deficient performance on the part of the civilian defense counsel. We hold that appellant has not shown counsel to be ineffective.

### III

### Instruction on Knowledge the Substance was Contraband

■ Appellant contends that the military judge failed to instruct the members that

appellant must have known the contraband nature of the substance in order to be found guilty of conspiracy to possess and distribute it. We disagree. The military judge instructed the court members on the elements of the offense of conspiracy to wrongfully possess and distribute cocaine. In his instruction, the military judge referred the members to his prior instruction on a specification alleging distribution of cocaine. Included in that instruction was that "[t]he accused knew the substance he distributed was cocaine." Further, he instructed the court members that they must be satisfied beyond a reasonable doubt that the accused had knowledge that the substance distributed was cocaine and that knowledge could be proved by circumstantial evidence. We hold that the military judge's instructions were sufficient to satisfy the element of knowledge. *See United ed States v. Mance*, 26 M.J. 244 (C.M.A. 1988); *See also United States v. Goodwin*, 37 M.J. 606, 607 (A.C.M.R.1993).

## IV

### Sufficiency of the Evidence to Use of Cocaine

■■■■ Appellant asserts that the government did not establish that appellant used cocaine within the time charged in the Additional Charge. The Specification alleges that appellant used cocaine between 4 August and 4 September 1991. The government's evidence established that a urinalysis was conducted on 3 September 1991. Appellant participated in that urinalysis. Appellant's urine tested positive for the cocaine. No evidence was presented concerning the amount of time cocaine remains in a person's system.

Appellant cites *United States v. Chodara*, 29 M.J. 943 (A.C.M.R.1990) for his contention that the evidence was insufficient to prove use of the drug. That case held that the presence of cocaine thirty-six hours after that accused reservist entered active duty was insufficient to establish wrongful use of cocaine by a person subject to the code. Apparently, that case is based on the theory that use of a drug is restricted to the time that it initially enters the body. We question the validity of that holding, since we believe that the body continues to use the drug so long as it remains within it. We need not determine that issue to decide the case before us. The most we can say is that *Chodara* is limited to its specific facts and does not apply to this case. Although a reservist, appellant had been ordered to and had been on active duty for several months prior to the urinalysis on 3 September 1991.

The test for legal sufficiency is whether, considering the evidence in a light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Applying this test, we find the evidence sufficient to support the findings of guilty to the offense of use of cocaine during the period alleged. The test for factual sufficiency is whether, after weighing the evidence and making allowances for not having seen or heard the witnesses, we are convinced beyond a reasonable doubt of appellant's guilt of the offense of use of cocaine during the period alleged. *See* UCMJ art. 66(c), 10 USC § 866(c); *United States v. Turner*, 25 M.J. 324 (C.M.A.1987). In arriving at this holding as to factual and legal sufficiency, we find that an inference can be drawn from the evidence that appellant used cocaine just prior to the urinalysis.

The remaining assertions of error, to include those personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Judge WALCZAK and Judge GONZALES concur.