Pancho D. TROTMAN, Sergeant, U. S. Marine Corps, Petitioner,

v.

Major General Robert E. HAEBEL, USMC, Commanding General, Marine Corps Recruit Depot, Parris Island, South Carolina, Respondent.

Misc. Dkt. No. 81–36.

U. S. Court of Military Appeals.

Oct. 19, 1981.

For Petitioner: *Captain James P. Axelrod*, USMC (argued); *Captain David L. Beck*, USMC.

For Respondent: *Lieutenant J. G. Van Winkle*, JAGC, USN (argued); *Commander T. C. Watson, Jr.*, JAGC, USN (on brief).

Opinion of the Court

PER CURIAM:

This matter comes to the Court on request of the petitioner who seeks extraordinary relief in the form of court-ordered release from his post-trial confinement. The petition gives rise to the following question:

Did the respondent abuse his discretion in denying the petitioner's post-trial request for deferment of sentence on May 15, 1981, and June 4, 1981? *See Pearson v. Cox*, 10 M.J. 317 (C.M.A.1981); *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979).

The petitioner was apprehended on January 19, 1981, for various drug offenses occurring in November and December 1980. He refused to talk to investigating agents and was released. On February 25, 1981, charges were preferred against him. On February 26, 1981, an Article 32 investigation was held and completed on March 2, 1981. On April 3, 1981, the charges were referred to trial. On April 16, 1981, trial was postponed because of the absence of a government witness but finally occurred on May 7 and 8, 1981. The petitioner was convicted of several drug offenses and sentenced to a bad-conduct discharge and 12 months' confinement, as well as forfeitures and reduction.

Until that time, the petitioner was not in pretrial confinement and in fact was given 7 days' leave to go to Boston just 12 days

before trial. On May 8, 1981, the last day of his trial, he was confined. On May 11, 1981, he requested deferment of his sentence from the respondent convening authority. He noted the "nonviolent" nature of his crimes, his past "unblemished" service record, his record at the confinement center, the absence of threats to witnesses who would soon be gone from the trial situs, the probability of error in denying a challenge for cause against a member at trial, and his family's need to move his wife and step-son to Boston. On May 15, 1981, the convening authority denied this request, citing the seriousness of the crimes and punishment adjudged by the court. On June 4, 1981, he reconsidered this denial and further denied the request because of the petitioner's potential to threaten the work of drill instructors on base with his drug activities and because of a possible threat to a witness.

Superimposing the facts on the broad question stated above, we arrive at two specific questions to be answered by this Court:

1. Were the reasons given by the convening authority on May 15, 1981, sufficient as a matter of law to demonstrate that he did not abuse his discretion in denying petitioner's deferment request under Article 57(d), Uniform Code of Military Justice, 10 U.S.C. § 857(d)?

2. Were the additional reasons given by the convening authority on June 4, 1981, sufficient as a matter of law to demonstrate that he did not abuse his discretion in reconsidering and again denying the petitioner's deferment request?

We answer both questions in the affirmative.

In *United States v. Brownd, supra*, at 339 (footnote omitted),[1] a majority of the Court stated:

[W]e believe the proper standard for our review in this instance to be that of the American Bar Association:

(b) Release should not be granted unless the court finds that there is no substantial risk the appellant will not appear to answer the judgment following conclusion of the appellate proceedings and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice. In making this determination, the court should take into account the nature of the crime and length of sentence imposed as well as the factors relevant to pretrial release.

ABA Standards, Criminal Appeals § 2.5(b) (1970).

And we further stated:

We are confident that this burden of demonstrating improbability of flight or lack of likelihood of crime, intimidation of witnesses, or interference with the administration of justice properly lies with the petitioner. He must demonstrate the absence of such threats and danger of flight. In response to a request for release under Article 57(d), the convening authority should exercise his discretion and weigh the factors illuminated by the defense counsel against the community interests and, if petitioner has not met his burden, no abuse of discretion lies in a denial of the request.

*Id.* at 340.

We find *United States v. Brownd, supra*, controlling.

The petitioner, who sought deferment as provided for under Article 57(d) of the Code,[2] particularly asks us to decide be-

1. *See Pearson v. Cox*, 10 M.J. 317 (C.M.A. 1981).

2. Article 57(d), Uniform Code of Military Justice, 10 U.S.C. § 857(d):

(d) On application by an accused who is under sentence to confinement that has not been ordered executed, the convening authority or, if the accused is no longer under his jurisdiction, the officer exercising general court-martial jurisdiction over the command to which the accused is currently assigned, may in his sole discretion defer service of the sentence to confinement. The deferment shall terminate when the sentence is ordered executed. The deferment may be rescinded at any time by the officer who granted it or, if the accused is no longer under his jurisdic-

tween his showing of reasons for release and the convening authority's articulated reasons for denying the deferment. It must be remembered that the convening authority's denial of deferment and reconsideration were both taken prior to the convening authority's approval action under Article 64, UCMJ, 10 U.S.C. § 864.[3] In such a situation, the convening authority, unlike a civilian judge,[4] has no knowledge of the trial, except for the pretrial investigation and findings and sentence, upon which to formulate a decision. Accordingly, he will have less information immediately after court-martial than later when he receives the record in the case.

■ Here the convening authority, on May 15, 1981, stated that the seriousness of a general court-martial conviction for drug distribution and the severity of the adjudged sentence warranted denial of deferment, despite petitioner's past good record. These factors are permissible criteria in a post-trial deferment decision and are relevant to the likelihood of flight and the propensity of petitioner to commit further serious crimes. Release was determined to be against the community's interest on these grounds. No clear abuse of discretion is apparent.

■ On June 4, 1981, the convening authority apparently reconsidered his earlier decision *sua sponte*. Based on the Article 32 investigation, he more particularized his concern over the threat to the military community from potential drug trade by the petitioner. Based on information he acquired on his own, he also expressed fears for a witness' safety. These matters are within the ABA Standards, Criminal Appeals § 2.5(b) (1970). Although these reasons are challenged by the petitioner, he has not shown a clear abuse of discretion by the convening authority in the present case.

The petition for extraordinary relief is denied.

COOK, Judge (dissenting):

I would dismiss the petition for extraordinary relief. *See* my separate opinion in *United States v. Brownd*, 6 M.J. 338, 341 (C.M.A.1979), and *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981).

---

tion, by the officer exercising general court-martial jurisdiction over the command to which the accused is currently assigned.

**3.** Article 64, UCMJ, 10 U.S.C. § 864:
*Approval by the convening authority*
In acting on the findings and sentence of a court-martial, the convening authority may approve only such findings of guilty, and the sentence or such part or amount of the sentence, as he finds correct in law and fact and as he in his discretion determines should be approved. Unless he indicates otherwise, approval of the sentence is approval of the findings and sentence.

**4.** *See* Fed.R.Crim.P. 46(c) and 18 U.S.C. 3148.