Victor W. BRUNSON, Seaman Recruit, U. S. Coast Guard, Petitioner,

v.

Vice Admiral J. S. GRACEY, U. S. Coast Guard, Commander, Third Coast Guard District, Governors Island, New York, NY 10004, Respondent.

Miscellaneous Docket No. 81–1.

U. S. Coast Guard Court of Military Review.

4 Jan. 1982.

Counsel for Petitioner: LT James B. Covington, USCGR, LT Dana J. St. James, USCGR.

Counsel for Respondent: LT Christena G. Green, USCGR.

## OPINION

PER CURIAM:

This matter is before us on the petitioner's request for extraordinary relief in the nature of court-ordered release from confinement adjudged by a general court-martial.

The petitioner was tried by a general court-martial convened by Vice Admiral R. I. Price, then Commander, Third Coast Guard District. The petitioner pleaded not guilty to specifications alleging, respectively, the possession of sixteen foil packets containing cocaine on 30 March 1981 and the sale of two foil packets containing cocaine on 30 March 1981 in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. 892. He was acquitted of the specification alleging the possession of cocaine but was convicted of the specification alleging the sale of cocaine. On 27 June 1981 the petitioner was sentenced by the court-martial members to be confined at hard labor for eighteen months, to forfeit all pay and allowances and to be discharged from the service with a bad conduct discharge. That same day, 27 June 1981, the petitioner requested deferral of his sentence to confinement "until the convening and supervisory authorities have completed their review of the record of trial." The request for deferral was orally approved by Vice Admiral Price.

Vice Admiral Price's oral grant of deferment on 27 June 1981 was confirmed in a writing dated 10 July 1981 and signed by the respondent, Vice Admiral J. S. Gracey who had succeeded Admiral Price as Commander, Third Coast Guard District. The written grant of deferment "until the sentence is ordered executed" signed by the respondent included findings based on the petitioner's application for deferment and other information that:

"a. There is no substantial risk the accused will not appear to answer the judgment of the court when the sentence is ordered executed.

b. The accused is not likely to commit a serious crime in the interim.

c. The accused is not likely to intimidate witnesses or otherwise interfere with the administration of justice."

The grant of deferment concluded with the respondent's reservation of "the right under Article 57(d), UCMJ, to rescind this grant of deferment if the accused fails to meet his burden of showing the absence of threats to witnesses and danger of flight."

Vice Admiral Gracey took action on the record of petitioner's trial 20 November 1981 approving only so much of the sentence as provided for confinement at hard labor for ten months, forfeiture of all pay and allowances and discharge from the service with a bad conduct discharge. He also rescinded the deferment of confinement and ordered the petitioner confined in the U. S. Naval Brig, Norfolk, VA, pending completion of appellate review. In support of his action rescinding the deferment of confinement the respondent set forth the following facts:

"2. Having received, reviewed and acted upon the record of trial, more information is now available upon which to determine whether continuance of the deferment is warranted. The record of trial reflects that SR BRUNSON was not an idle seller of cocaine. The circumstances of his approach to ELLISON and the overall goings on in room 252 lead me to conclude SR BRUNSON was heavily involved in drug sales on Governors Island. Furthermore, post trial documents clearly establish that SR BRUNSON insists on his innocence and has yet to take that important first step toward rehabilitation, repentance. Based on these factors, the seriousness of the offense, the severity of the sentence and the prior record of the defendant, I have reevaluated my decision on deferment and conclude that there is a substantial likelihood that SR BRUNSON will take flight as his day of judgment nears."

In reply to this Court's show cause order the respondent has filed an affidavit recounting the additional information and other considerations which motivated his decision to rescind the deferment of confinement on 20 November 1981. Among the new or changed circumstances enumerated by the respondent in support of his decision to rescind the deferment of petitioner's confinement are the following:

1. His action of 10 July 1981 confirming in writing the oral deferment formerly granted by his predecessor, Vice Admiral Price, was taken without any specific knowledge of petitioner's case other than that presented in the deferment request submitted by the defense.

2. Before rescinding the deferment of confinement the respondent examined the record of petitioner's trial, including the Article 32, UCMJ, investigating officer's report, reviewed his staff legal officer's advice and supplemental comments and spoke with petitioner's defense counsel for over a half hour at counsel's request. He took into account the nature of the offense of which petitioner was convicted and the length of the sentence adjudged and approved.

3. All the information then available to the respondent led him to the conclusion that petitioner had not made a single sale to an isolated individual but instead had been an integral part of an ongoing illegal operation.

4. The evidence in the record of trial indicated to respondent that the petitioner had solicited the sale to the government informant/witness rather than the reverse and that the petitioner intended to continue selling cocaine.

5. Respondent noted in the record a special agent's testimony that petitioner had confessed to using marijuana on occasion.

6. More details were available to respondent concerning petitioner's prior unauthorized absences. He noted that petitioner had commenced a three month unauthorized absence, terminated by apprehension, while other comparatively minor charges were pending. This indicated to respondent the likelihood of petitioner's flight to avoid confinement.

7. His staff legal officer's advice convinced respondent that various allegations of prejudicial error committed during petitioner's trial and relied upon by petitioner and his counsel in the application for deferment were without merit.

Petitioner seeks vacation of respondent's rescission of deferment order and court-ordered release from confinement on the grounds that the respondent abused his discretion by rescinding the deferment of confinement in the absence of any misconduct by the petitioner subsequent to the deferment of the confinement and prior to the execution of the sentence. Relying principally upon the Court of Military Appeals decision in *U. S. v. Collier*, 19 U.S.C.M.A. 511, 42 C.M.R. 113 (1970) petitioner argues that it must be assumed that the respondent considered "all relevant factors", including those enumerated in his rescission action and in his more recent affidavit, at the time he granted deferment of the sentence to confinement and that rescission of the deferment cannot properly be based on factors which were or should have been known by the respondent at the time the deferment was granted.

We believe that the petitioner's case is clearly distinguishable from the situation in *U. S. v. Collier, supra.* In that case the Court of Military Appeals was confronted with conflicting actions—one deferring service of the sentence to confinement and the other rescinding the deferment—taken by different general court-martial convening authorities on the basis of the same record of trial. More recently in *Trotman v. Haebel*, 12 M.J. 27 (C.M.A.1981) the Court specifically noted that in most instances a convening authority's original decision either to grant or deny a request for deferment is made prior to his action on the record pursuant to Article 64, UCMJ, 10 U.S.C. 864. At that time he has no knowledge of the trial except for the pretrial investigation and the findings and sentence upon which to formulate a decision. Thus, he will have substantially less information at that stage than later when the record of trial is before him.

■ In this case the respondent had even less information before him when deferment was formally granted on 10 July 1981

than would ordinarily be available to a convening authority at that stage of the proceedings. He had succeeded to the second senior command in the Coast Guard only ten days earlier, we note. He had neither convened the court-martial which tried the petitioner nor referred the case for trial. The original decision to grant the request for deferment was made by his predecessor on whose judgment he was certainly entitled to rely until he had an opportunity to familiarize himself with the petitioner's case. Thus, the initial grant of deferment should not be treated as irrevocable and the subsequent action rescinding the deferment must be tested for abuse of discretion. See *Trotman v. Haebel, supra; Pearson v. Cox*, 10 M.J. 317 (C.M.A.1981).

■ The factors enumerated above as gleaned from the respondent's rescission action and his affidavit "are permissible criteria in a post-trial deferment decision and are relevant to the likelihood of flight and the propensity of petitioner to commit further serious crimes." *Trotman v. Haebel, supra,* at 12 M.J. 29. Congress has given the convening authority broad discretion to decide on the appropriateness of deferring confinement thus limiting the availability of extraordinary relief to "those few instances where the exercise or non-exercise of discretion is suffused with legal error." *Pearson v. Cox, supra.* No such error is apparent in this case. The rescission of deferment was based upon permissible criteria and the petitioner has failed to show a clear abuse of discretion. *Trotman v. Haebel, supra; U. S. v. Brownd*, 6 M.J. 338 (C.M.A.1979).

The petition for extraordinary relief is denied.