UNITED STATES, Appellee,

v.

John T. SYLVESTER, Aviation Struc-
tural Mechanic (Hydraulics) Air-
man, U.S. Navy, Appellant.

No. 96–1178.
Crim.App. No. 95–0967.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 8, 1997.

Decided Jan. 14, 1998.

For Appellant: *Lieutenant Albert L. DiGiulio,* JAGC, USNR (argued); *Lieutenant C.J. McEntee,* JAGC, USNR (on brief).

For Appellee: *Captain Michael D. Carsten,* USMC (argued); *Colonel Charles Wm. Dorman,* USMC, *Commander D.H. Myers,* JAGC, USN, and *Major Stephen Finn,* USMC (on brief); *Lieutenant David M. Harrison,* JAGC, USNR.

### Opinion of the Court

EFFRON, Judge:

A special court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of wrongful use and wrongful distribution of methamphetamine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement for 90 days, forfeiture of $250.00 pay per month for 3 months, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

We specified the following issues for review:

I. WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING POST–TRIAL PROCEEDINGS BEFORE THE CONVENING AUTHORITY WHERE:

(A) CIVILIAN DEFENSE COUNSEL AGREED TO ACCEPT SERVICE OF THE AUTHENTICATED RECORD OF TRIAL AND THE STAFF JUDGE ADVOCATE'S RECOMMENDATION, BUT FAILED TO SUBMIT MATTER IN SUPPORT OF CLEMENCY UNDER ARTICLE 60, UCMJ, AND RCM 1105 AND 1106 DESPITE APPELLANT'S DESIRE TO PURSUE CLEMENCY;

(B) THE UNREBUTTED AFFIDAVITS CONSIDERED BY THE COURT OF CRIMINAL APPEALS STATE THAT DETAILED DEFENSE COUNSEL DID NOT RETURN CALLS FROM APPELLANT PRIOR TO THE CONVENING AUTHORITY'S ACTION AND THERE IS NO INDICATION IN THE RECORD THAT DETAILED DEFENSE COUNSEL WAS RELIEVED OF HIS POST–TRIAL RESPONSIBILITIES TO APPELLANT; AND

(C) DESPITE THE FACT THAT THE UNREBUTTED AFFIDAVITS REFLECT CIVILIAN DEFENSE COUNSEL'S BELIEF THAT THE CONVENING AUTHORITY HAD A PREDISPOSITION TO NOT GRANT POST–TRIAL CLEMENCY, THE CIVILIAN DEFENSE COUNSEL DID NOT TAKE STEPS TO HAVE THE POST–TRIAL ACTION TAKEN BY A DIFFERENT CONVENING AUTHORITY.

II. WHETHER THE RECORD IS INCOMPLETE IN THAT THE CONVENING AUTHORITY'S ACTION DOES NOT REFLECT THE MATTER DESCRIBED IN THE UNREBUTTED AFFIDAVITS CONSIDERED BY THE COURT OF CRIMINAL APPEALS WHICH STATE THAT CLEMENCY AND DEFERMENT REQUESTS WERE PRESENTED ORALLY TO THE CONVENING AUTHORITY.

III. IF THE RECORD IS INCOMPLETE, WHETHER THE CONVENING AUTHORITY'S ACTION IS DEFECTIVE BECAUSE IT DOES NOT REFLECT CONSIDERATION OF THE CLEMENCY AND DEFERMENT REQUESTS DESCRIBED IN THE AFFIDAVITS.

For the reasons discussed below, we affirm the decision of the Court of Criminal Appeals.

### I. BACKGROUND

Appellant was represented by both military and civilian attorneys at trial and during post-trial proceedings before the convening authority.[1] During the sentencing portion of

---

1. The Professional Services Agreement between appellant and his civilian counsel indicates that civilian counsel would represent appellant only through sentencing by the military judge, but the affidavits filed by counsel during appellate proceedings reflect counsel's continuing representa-

the trial, four witnesses—a Marine Corps captain and three non-commissioned officers—testified that appellant had demonstrated excellent character and had a superb work record. After the sentence was announced by the military judge, appellant requested on the record that the Staff Judge Advocate's Recommendation and a copy of the record of trial be served on his civilian attorney. The military judge obtained counsel's assurance on the record that this arrangement was acceptable.[2]

The trial, including adjudication of findings and sentence, was completed on November 9, 1994. On the same day, appellant's civilian counsel submitted a request to the convening authority to defer confinement, *see* Art. 57(d), UCMJ, 10 USC § 857(d), citing appellant's "previously unblemished record and the strong character evidence" that had been presented during sentencing. He also arranged for a meeting between the convening authority and appellant's father, in which the father asked for clemency. Counsel did not make a written submission under either RCM 1105 or 1106, Manual for Courts–Martial, United States (1995 ed.), but did present an oral submission to the convening authority.

Because appellant received credit for all of his pretrial confinement, he spent only 6 days in post-trial confinement and was released on November 15, 1994, prior to action by the convening authority on the deferment request. The convening authority ultimately approved the sentence without modification.

## II. ASSISTANCE OF COUNSEL

Appellant contends that his civilian and military defense counsel were ineffective during post-trial proceedings before the convening authority, noting: (1) that they both "failed to submit matters under RCM 1105 or 1106 concerning the highly favorable testimony offered during Appellant's presentencing

hearing," including evidence of his military character and his pre-service activities; (2) that military defense counsel failed to respond to "repeated attempts by Appellant and his father to contact military defense counsel"; and (3) that civilian defense counsel "failed to request a transfer of Appellant's case to a substitute convening authority" even though he "had a good faith basis to believe that the convening authority was unsuited to decide whether to grant clemency in Appellant's case." Final Brief at 7–8, 11–12.

■ The Supreme Court has held that the Sixth Amendment right to counsel may be violated when defense counsel is ineffective as a matter of constitutional law. That Court has emphasized that appellate review of counsel's performance "must be highly deferential.... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) (citation omitted). Under *Strickland,* appellant must demonstrate: (1) a deficiency in counsel's performance that is "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the "deficient performance prejudiced the defense ... [through] errors ... so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. at 2064; *see United States v. Moulton,* 47 MJ 227 (1997). A servicemember is entitled to the effective assistance of counsel in post-trial proceedings. *United States v. Palenius,* 2 MJ 86 (CMA 1977).

■ Both of appellant's attorneys submitted affidavits that were considered by the Court of Criminal Appeals, and further affi-

tion of appellant during the consideration of post-trial matters by the convening authority.

2. RCM 1106(f)(2), Manual for Courts–Martial, United States (1995 ed.), provides that if the accused has not designated which counsel will be

served with the recommendation, "the staff judge advocate or legal officer shall cause the recommendation to be served in the following order of precedence, as applicable, on: (1) civilian counsel; (2) individual military counsel; or (3) detailed defense counsel."

davits were filed in conjunction with our consideration of this case. Civilian counsel's unrebutted affidavit stated that he personally discussed appellant's request for clemency with the convening authority and emphasized "appellant's record and exceptional character testimony." While it may well have been preferable, as a matter of practice, for counsel to have supplemented or memorialized this personal presentation to the convening authority with a written submission under RCM 1105 or 1106, there is no statutory or regulatory requirement for counsel to do so. *See United States v. Davis*, 33 MJ 13 (CMA 1991).

■ In the circumstances of this case, military defense counsel's conduct was not deficient within the meaning of *Strickland*. With respect to the unreturned telephone calls, the unrebutted affidavit of military defense counsel indicates that the only post-trial request he received from appellant dealt with assistance in preparing paperwork related to an educational loan. Appellant has not indicated that there was any additional information concerning clemency that he or his father sought to communicate to counsel. Thus, appellant has not demonstrated that any failure to return telephone calls was relevant to the issue of post-trial clemency. Moreover, the deficiency, if any, in failing to return telephone calls related to student loans was not prejudicial.

■ The affidavit filed by civilian defense counsel with the Court of Criminal Appeals contained ambiguities which raised the issue of whether counsel believed that the convening authority was predisposed against clemency. This matter was clarified in counsel's second affidavit, in which he emphasized that there were no discussions of clemency until the post-trial proceedings. Counsel also stated that he decided to pursue clemency with the original convening authority because the convening authority appeared to be sympathetic, as evidenced by his decision to refer the case to a special rather than a general court-martial, and because counsel believed

the best chance for clemency was with a convening authority who was personally familiar with appellant's character witnesses. These are the types of tactical considerations which do not warrant second-guessing and which do not rise to the level of deficient performance under *Strickland*.

### III. COMPLETENESS OF RECORD

■ Appellant asserts the record is incomplete in that the convening authority's actions with regard to the clemency and deferment requests are not part of the record.[3] As noted above, the clemency request was made orally rather than through a written submission under RCM 1105 and 1106. We do not find it necessary or desirable to inhibit the ability of counsel to communicate with a convening authority by establishing a requirement that any such discussions be recorded verbatim and included in the record, nor do we find it necessary to insist that any such discussions be memorialized in writing. In the absence of such a requirement for a written submission, the record in this case was not incomplete. In so holding, however, we do not wish our opinion to be read as favoring counsel's decision to forgo a written submission to supplement or memorialize an oral presentation. Such a submission is the best way to minimize the potential for either miscommunication with the convening authority or misapprehension of counsel's efforts by the client.

■ The failure to include in the record the deferment request or the convening authority's action thereon is a different matter. RCM 1101(c)(3) requires the convening authority to act on such a request in writing; RCM 1107(f)(4)(E) requires that the convening authority's action reflect any grant of deferment; and RCM 1103(b)(3)(D) provides that "[a]ny deferment request and the action on it" must be attached to the record. None of these requirements were met in this case with respect to the convening authority's action, apparently because the convening au-

---

3. There is no dispute between the parties that no written petition for clemency was filed for post- trial consideration by the convening authority.

thority did not act on the request prior to appellant's release. Whether the error is viewed in terms of a failure to act or a failure to reflect any action in the record, it is appropriate for the error to be tested for prejudice. There is no requirement that a convening authority act instantaneously on a request for deferment. In this case, appellant was released from confinement 6 days after the deferment request was submitted. Under the circumstances of this case, we do not find that any error with respect to the deferment request materially prejudiced the substantial rights of appellant under Article 59(a), UCMJ, 10 USC § 859(a). As a result of our holding, we need not address Issue III.

## IV. DECISION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD and GIERKE concur.