UNITED STATES, Appellee,

v.

Specialist Jeremiah Y. SEBASTIAN,
United States Army, Appellant.

ARMY 20000300.

U.S. Army Court of Criminal Appeals.

7 Aug. 2001.

For Appellant: Major Jonathan F. Potter,
JA; Major Mary M. McCord, JA; Captain
Stephanie L. Haines, JA (on brief).

For Appellee: Colonel David L. Hayden,
JA; Major Anthony P. Nicastro, JA; Major
Paul T. Cygnarowicz, JA (on brief).

Before TOOMEY, Senior Judge,
CARTER, and HARVEY, Appellate Military
Judges.

## OPINION OF THE COURT

CARTER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of wrongful distribution of marijuana (two specifications), in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a [hereinafter UCMJ]. On 5 February 2001, the convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to Private E1.

Although not raised by appellant in this Article 66, UCMJ, 10 U.S.C. § 866, appeal, we find that errors committed in the processing of his multiple requests for deferment of punishment warrant relief.

### Facts

Appellant was tried on Friday, 21 April 2000, at Fort Lewis, Washington. In a memorandum to the convening authority, dated 13 April 2000 (one week prior to trial), appellant's trial defense counsel requested deferment of any adjudged confinement from 21 April 2000 to 24 April 2000 so that appellant could spend Easter weekend with his wife

and three-year-old daughter. This memorandum also asked for a deferral and waiver of forfeitures until action, stating that appellant's wife worked part-time as a waitress, that their rent was $650.00 per month, and that day care for his daughter so that his wife could continue to work[1] would cost at least $300.00 per month.

Appellant's court-martial adjourned at 1155 hours, 21 April 2000. He was placed in confinement that same day at the Fort Lewis Regional Confinement Facility, where he served his sentence. *See* UCMJ art. 57(b), 10 U.S.C. § 857(b) (sentence to confinement begins on date adjudged). There is nothing in the record to indicate that the convening authority was ever advised of, or acted upon, appellant's 13 April 2000 request for deferment of confinement and waiver of forfeitures.

In a memorandum for the convening authority, dated 27 April 2000 (one week after trial), appellant's trial defense counsel again requested a deferral and waiver of forfeitures until action, repeating the financial impact on appellant's family as was previously stated on 13 April 2000. This memorandum also advised the convening authority that the parents of appellant's wife lived in Florida, that her father had been diagnosed with lung cancer, and that her mother was being tested for cervical cancer.

In a one-page memorandum, dated 9 June 2000 (seven weeks after trial), the staff judge advocate (SJA) advised the convening authority of the 27 April 2000 request for deferment and waiver of forfeitures and recommended that the convening authority disapprove the request. The SJA also advised the convening authority that by operation of law under Article 57(a), UCMJ, the adjudged forfeitures took effect fourteen days after sentence was announced (5 May 2000). The memorandum explained the convening authority's power to defer and waive forfeitures under Articles 57(a) and 58b, UCMJ, 10 U.S.C. § 858b. The SJA failed to mention appellant's 13 April 2000 request for deferment of confinement and deferment and waiver of forfeitures, and offered no explana-

tion for his failure to present either of appellant's two deferment requests to the convening authority prior to 5 May 2000, when forfeitures automatically began by operation of law. On 9 June 2000, contrary to his SJA's recommendation, the convening authority approved a waiver of forfeitures of all pay and allowances for a period of three months (9 June 2000 through 8 September 2000) and directed the payment of said monies to appellant's wife for support of appellant's daughter.

In a memorandum for the convening authority, dated 13 September 2000 (five days after the expiration of the convening authority's waiver of forfeitures), appellant's trial defense counsel requested an additional waiver of forfeitures until the date of action. The memorandum stated that appellant's wife and child had moved back to Florida where the wife worked full-time and paid day care and rent, that the wife's father was undergoing chemotherapy for his lung cancer, and that the wife's mother was working full-time. In a 22 September 2000 memorandum, the SJA advised the convening authority that appellant's minimum release date from confinement was 2 December 2000, that the convening authority could approve a waiver of forfeitures for up to three more months, and that the SJA recommended disapproval. The convening authority disapproved any additional waiver of forfeitures on 22 September 2000.

Appellant was released from confinement on 27 November 2000, and immediately used his forty-seven days of accrued ordinary leave to rejoin his family in Florida.

### Deferment of Service of Sentence to Confinement

When originally enacted, the Uniform Code of Military Justice contained no statutory right to request deferment of an adjudged sentence to confinement or any other provision authorizing the release of convicted military prisoners pending post-trial or appellate review. *See* Uniform Code of Military Justice, Art. 57, Act of May 5, 1950, Pub.L. No. 81–506, 64 Stat. 107, 126; *Moore*

---

1. Appellant's wife testified during the sentencing portion of the trial that appellant watched their daughter during the evenings and weekends while she worked.

*v. Akins,* 30 M.J. 249, 251 (C.M.A.1990) (citing *United States v. May,* 10 U.S.C.M.A. 358, 27 C.M.R. 432, 1959 WL 3645 (1959)). When Congress passed the Bail Reform Act of 1966, which clarified the rights of federal prisoners to seek bail pending appeal of their convictions, it expressly excluded courts-martial from its applicability.[2] *Levy v. Resor,* 17 U.S.C.M.A. 135, 139, 37 C.M.R. 399, 403, 1967 WL 4273 (1967).

■ To rectify this problem, Congress added a new provision to the UCMJ, as part of the Military Justice Act of 1968, granting an accused a statutory right to petition the convening authority to defer any adjudged sentence to confinement. *Pearson v. Cox,* 10 M.J. 317, 320–21 (C.M.A.1981). This provision now provides, in pertinent part, that "[o]n application by an accused who is under sentence to confinement ... the convening authority ... may *in his sole discretion* defer service of the sentence to confinement." UCMJ art. 57a(a), 10 U.S.C. § 857a(a) (emphasis added).[3] The legislative history stated that the "discretion exercised would be very broad and would be vested exclusively in the convening authority" who would consider "all relevant factors in each case and would grant or deny deferment based upon the best interest of the individual and the service[,] ... *thus providing for the first time a procedure similar to release on bail pending appeal in civilian courts." Moore,* 30 M.J. at 251–52 (quoting S.Rep. No. 90–1601, at 2–3, 13–14 (1968), *reprinted in* 1968 U.S.C.C.A.N. 4501, 4503, 4514). A convening authority acting upon a request to defer confinement has the "same broad discretion in imposing conditions on deferment of confinement that a federal magistrate or judge possesses with respect to a defendant seeking release pending appeal." *Pearson,* 10 M.J. at 321.

■ We review a convening authority's decision to deny deferment of confinement for an abuse of discretion. *United States v. Brownd,* 6 M.J. 338, 339 (C.M.A.1979). Article 57(d) [now Article 57a(a) ], UCMJ, "imposes a burden on the convening authority to articulate 'reasons ... sufficient as a matter of law to demonstrate that he did not abuse his discretion in denying petitioner's deferment request[.]' " [4] *United States v. Schneider,* 38 M.J. 387, 395 (C.M.A.1993) (alteration in original) (quoting *Trotman v. Haebel,* 12 M.J. 27, 28 (C.M.A.1981)).

■ In appellant's case, it appears that the SJA never advised the convening authority of appellant's 13 April 2000 request for deferment of confinement. While there is no requirement for a convening authority to act "instantaneously" on a deferment request,[5] there is also no authority for a convening authority to fail to act at all when deferment is requested in a timely manner. *See United States v. Kolodjay,* 53 M.J. 732, 734–35 n. 5 (Army Ct.Crim.App.1999) ("Requests for deferment of confinement, forfeitures, or reductions in grade must be processed expeditiously."), *petition denied,* No. 01–0318/AR, ── M.J. ──, 2001 CAAF LEXIS 798 (July 6, 2001). Trial defense counsel's proactive submission of the request one week prior to trial, as well as the trial's conclusion at noon on Friday, gave the SJA's office plenty of time to review the request and prepare an appropriate written response for the convening authority's signature, as required by R.C.M. 1101(c)(3).[6] Even if the convening

---

2. Chapter 207 of Title 18, United States Code, specifically excludes persons convicted of "an offense triable by court-martial, military commission, provost court, or other military tribunal" from eligibility for release from confinement pending appeal. 18 U.S.C. § 3156(a)(2); *see also* 18 U.S.C. § 3143(b).

3. Originally enacted as Article 57(d), UCMJ, this provision was renumbered as Article 57a(a), UCMJ, in 1996. *See* Nat'l Def. Authorization Act for Fiscal Year 1996, Pub.L. No. 104–106, § 1123, 110 Stat. 186, 463–64 [hereinafter FY96 DOD Auth. Act].

4. *See* Rule for Courts–Martial [hereinafter R.C.M.] 1101(c)(3) for a non-inclusive list of reasons a convening authority may consider when acting on a deferment request.

5. *See United States v. Sylvester,* 47 M.J. 390, 394 (1998) (finding no material prejudice as a result of a convening authority's failure to act on a request to defer confinement when appellant was released from confinement six days after request was made).

6. The convening authority also is required to provide the accused with a copy of his decision on the deferment request. *See* R.C.M. 1101(c)(3).

authority was legitimately unavailable from 21–24 April 2000, appellant was still entitled to a decision on his request as soon as the convening authority was available. The convening authority could have granted appellant some other relief, if he deemed it appropriate, had he been advised of appellant's request to defer confinement. As a result of the failure to obtain a decision from the convening authority, appellant never received a lawful review of his request to spend Easter weekend with his family. Given the historical importance of requests for deferment of confinement as a substitute for the lack of post-trial bail procedures in the military, we find that this error did materially prejudice appellant's substantial rights. UCMJ art. 59(a), 10 U.S.C. § 859(a).

## Deferment and Waiver of Forfeiture of Pay and Allowances

The National Defense Authorization Act for Fiscal Year 1996[7] amended Article 57, UCMJ, to provide that forfeitures take effect fourteen days after the date the sentence is adjudged or the date of the convening authority's action, whichever is earlier. UCMJ art. 57(a)(1). Prior to 1996, there were no automatic forfeitures,[8] and any forfeiture adjudged by a court-martial did not take effect until the convening authority took action on the accused's case. As a result, convicted soldiers, including those serving confinement, continued to receive their full pay and allowances while awaiting action on their courts-martial, which sometimes occurred months after the sentence was adjudged. The intent of this amendment was to ensure "that the desired punitive and rehabilitative impact on the accused occurred more quickly." *Manual for Courts–Martial, United States* (2000 ed.), R.C.M. 1101 analysis, app. 21, at A21–78. However, Congress also "recognized the serious impact that such forfeitures would have on the family of the accused by [simultaneously] providing the authority for deferment and waiver." *United States v. Brown,* 54 M.J. 289, 292 (2000). Thus, Congress created an equitable system whereby an accused has fourteen days after trial to obtain a

deferment or waiver or both, as appropriate, of any applicable forfeiture of pay and allowances so that the accused's family will not be unjustly punished for his criminal misconduct. *See United States v. Nicholson,* 55 M.J. 551, 553 n. 5 (Army Ct.Crim.App.2001).

■ In this case, appellant did everything he was supposed to do to invoke the financial protections for his family that Congress intended. On 13 and 27 April 2000, appellant petitioned the convening authority under Articles 57(a)(2) and 58b(b), UCMJ, to defer his adjudged forfeitures until action, to waive automatic forfeitures that would occur on 5 May 2000, and to direct that his pay and allowances be paid to his dependants. The SJA never advised the convening authority of appellant's 13 April 2000 request. Appellant's 27 April 2000 request was not presented to the convening authority for a decision until 9 June 2000. As a result, appellant's wife and child were without his pay and allowances from 5 May 2000 to 9 June 2000. Under these circumstances, we find that the dilatory processing of appellant's timely requests to the convening authority for deferral and waiver of forfeitures materially prejudiced a substantial right granted by Congress to him and his family. UCMJ art. 59(a).

## Decision

We find no merit in appellant's assignment of error. In matters submitted by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), appellant asks this court to not affirm his bad-conduct discharge because he has already completed his adjudged confinement. During his two drug sales, appellant sold a total of thirty-five grams of marijuana for $340.00. He sold the drugs in uniform, during the duty day, and in the parking lot of the brigade headquarters where he worked. Notwithstanding the multiple errors in the processing of appellant's first two deferment requests, his sentence to a bad-conduct discharge is still appropriate. Appellant served a little over seven months

---

7. FY96 DOD Auth. Act, 110 Stat. 462.

8. *See* UCMJ art. 58b(a) for forfeitures that occur by operation of law when certain sentences are adjudged.

of confinement. His family received his pay and allowances for three months and fourteen days during that period. His family received no pay and allowances for almost two months during that period because of inaction by the SJA's office on appellant's first two deferment requests. We will provide relief for the errors in appellant's case by restoring his pay and allowances for those two months.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for five months, and reduction to Private E1.

Senior Judge TOOMEY and Judge HARVEY concur.