UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class DANIEL L. RYCKMAN, JR.
 United States Army, Appellant

 ARMY 20090419

 Headquarters, 21st Theater Sustainment Command
 Edward J. O’Brien, Military Judge
 Colonel Corey L. Bradley, Staff Judge Advocate

For Appellant: Lieutenant Colonel Matthew W. Miller, JA; Major Bradley M.
Voorhees, JA; Captain Shay Stanford, JA (on brief).

For Appellee: Colonel Michael E. Mulligan, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Adam S. Kazin, JA; Captain Ryan D. Pyles, JA (on brief).

 15 July 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 Appellant asks for a new review and action because the convening
authority did not act on his deferment request in writing and “include the
reasons upon which the action is based.” United States v. Sloan, 35 M.J.
4, 7 (C.M.A. 1992) (citing Rule for Court Martial [hereinafter R.C.M.]
1101(c)(3)).

 As part of his R.C.M. 1105 submission, dated 23 July 2009, appellant
requested deferment of automatic forfeitures pursuant to Article 57,
Uniform Code of Military Justice [hereinafter UCMJ], for the benefit a son
born to appellant and his girlfriend that month. The convening authority
took timely action on 29 July 2009, and approved the sentence without
specifically addressing the request for deferment of forfeitures.

 The convening authority may, upon request of an accused, defer
automatic forfeiture of pay or allowances, or both, from the effective date
fourteen days after sentence is announced until the date on which the
convening authority approves the sentence. See UCMJ, art. 57(a)(2), UCMJ;
R.C.M. 1101(c)(2). Action on a deferment request must be in writing, and
“must include the reasons upon which the action is based.” See Sloan, 35
M.J. at 7 (citing R.C.M. 1101(c)(3)).

 Here, the convening authority erred when he neither took action on the
deferment request in writing nor included a reason for failing to grant the
request. However, even though a convening authority commits legal error
when he fails to act on a deferment request in writing and fails to state
his reasons for not granting the request, “an individual appellant is not
entitled to relief unless the error ‘materially prejudices the substantial
rights of the accused.’” United States v. Zimmer, 56 M.J. 869, 874 (Army
Ct. Crim. App. 2002) (quoting UCMJ, art. 59(a)) (emphasis in original); see
also United States v. Sylvester, 47 M.J. 390, 394 (C.A.A.F. 1998).

 Deferment of forfeitures terminates when the sentence is approved by
the convening authority. UCMJ, art. 57(a)(2). Here, appellant did not
request deferment of automatic forfeitures until he submitted his R.C.M.
1105 matters on 23 July 2009. The convening authority took action just six
days later on 29 July 2009. Such action was timely, as a convening
authority is not required to take instantaneous action on a deferment
request. Sylvester, 47 M.J. at 394. Additionally, in this case, even
though the convening authority did not list his reason for denying the
deferment request, appellant has not provided any evidence that the
convening authority denied the request for an unlawful or improper reason.
Zimmer, 56 M.J. at 874. Therefore, we do not find that any error with
respect to the deferment request materially prejudiced appellant’s
substantial rights under Article 59(a), UCMJ.

 We affirm the findings of guilty and the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court