# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 PAUL J. BREWINGTON**
**United States Army, Appellant**

ARMY 20120372

Headquarters, United States Army Maneuver Support Center of Excellence
Jeffery Nance, Military Judge
Colonel James R. Agar II, Staff Judge Advocate

For Appellant:  Major Jacob Bashore, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA (on brief).

23 May 2012

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for fourteen months, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1.

On appeal, appellant asks for a new review and action because the convening authority did not act on his deferment request in writing and include the reasons upon which the action is based.  *United States v. Sebastian*, 55 M.J. 661 (Army Ct. Crim. App. 2001); *United States v. Kolodjay*, 53 M.J. 732, 736 (Army Ct. Crim. App. 1999).

On 25 April 2012, appellant, through his defense counsel, submitted a request to defer the adjudged reduction in grade.  On that same day, counsel submitted an

additional request to defer the automatic and adjudged reduction in grade and the automatic forfeitures until action.[1]  On 26 April 2012, the staff judge advocate (SJA) recommended the convening authority approve deferment.  However, when the convening authority took action on the requests for deferment on 26 April 2012, he only specifically disapproved the request to defer the adjudged reduction in rank based on the "interests of justice . . . the Accused's character, mental condition, family situation, and service record."  Significantly, the convening authority did not expressly address or even mention appellant's request to defer automatic forfeitures until action.

The convening authority may, upon request of an accused, defer automatic forfeiture of pay or allowances from their effective date fourteen days after sentence is announced until the date on which the convening authority approves the sentence.  *See* UCMJ, art. 57(a)(2), UCMJ; R.C.M. 1101(c)(2).  Action on a deferment request must be in writing, and "must include the reasons upon which the action is based."  *See United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992) (citing R.C.M. 1101(c)(3)).  In this case, the record is devoid of sufficient evidence that the convening authority took action on appellant's deferment request.  While the convening authority expressly denied appellant's request to defer the adjudged reduction in grade, he failed to acknowledge the separate request to defer automatic forfeitures in writing.  This was error.

Further, in his request to defer automatic forfeitures, appellant explained he was the sole financial provider for his wife and she would be impacted by the loss of his pay.  We, therefore, cannot say appellant failed to demonstrate a "colorable showing of possible prejudice," when the record contains no evidence the convening authority acted on or provided a rationale for denying the requested deferral of forfeitures.[2]  *See United States v. Wheelus*, 49 MJ 283, 289 (C.A.A.F. 1998).  This is especially true where the military judge recognized the financial impact on appellant's spouse and, when announcing his sentence, recommended the convening authority waive automatic forfeitures in appellant's case.  Accordingly, we will grant relief for the deficient processing of the deferment request in the decretal paragraph.

---

[1] We note that deferring automatic reductions until action is unnecessary as, in accordance with Article 58a, UCMJ, automatic reductions are not effective until the convening authority takes action approving a qualifying sentence.

[2] We also note the SJA erroneously advised the convening authority "the Accused's ETS date is 9 June 2012" when appellant's actual ETS date is 9 June 2013.  With an ETS date of 9 June 2013, the request for deferment of automatic forfeitures was not meaningless and appellant's spouse could have received the full benefit of such a request.

## CONCLUSION

The convening authority's initial action, dated 19 July 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new Staff Judge Advocate's Post-Trial Recommendation (SJAR) and new initial action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court