# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JARRETT D. BROOKS**
**United States Army, Appellant**

ARMY 20160556

Headquarters, 1st Cavalry Division (Rear)(Provisional)
Jacob D. Bashore, Military Judge
Lieutenant Colonel Scott E. Linger, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA (on brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Major Ahsan M. Nasar, JA (on brief).

1 June 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of desertion, in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for ninety-five days, and reduction to the grade of E-1. Pursuant to the pretrial agreement, the convening authority (CA) approved only ninety days of confinement, but otherwise approved the sentence as adjudged. The CA credited appellant with forty-nine days of confinement against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant raises two allegations of error, but only one warrants discussion.[1] Appellant alleges the record of trial is incomplete as the convening authority did not respond to appellant's request for a deferral of the adjudged reduction in grade and the

---

[1] Appellant's first assignment of error was resolved to the court's satisfaction when the government filed a motion to attach to the record of trial a copy of the CA's assumption of command orders for the (Rear)(Provisional) General Court-Martial Convening Authority.

automatic reduction in grade and forfeiture of pay. We find the CA erred by not responding to appellant's request. However, we also find appellant forfeited the issue by not raising the error in his Rule for Court-Martial [hereinafter R.C.M.] 1105 and 1106 matters. *See also* UCMJ art. 59(a).

## BACKGROUND

In January 2008, Private (E-1) Brooks enlisted in the U.S. Army and completed basic training and Advanced Individual Training (AIT). In May 2008, Fort Lee issued orders for PV2 Brooks to report to the 1st Cavalry Division, Fort Hood, Texas, no later than 1 July 2008. In June 2008 and while en route to his first duty assignment, PV2 Brooks was authorized permissive temporary duty (PTDY) to participate in the Hometown Recruiting Assistance Program (HRAP) in Illinois. After PV2 Brooks returned to Illinois, he decided he did not want to remain in the Army. Rather than report as ordered in July 2008, he stayed with his pregnant spouse and resolved never to voluntarily return to the military.

Between 2008 and 2016, PV2 Brooks was "arrested and convicted of numerous offenses including theft, assault, battery, possession of cannabis, and contributing to the delinquency." During this time, the U.S. Army, seemingly unaware of his deserter status and civilian convictions, continued to promote PV2 Brooks. On 10 January 2009, PV2 Brooks was promoted to Private First Class (PFC). On 10 January 2010, he was promoted to Specialist (SPC). These promotions occurred in spite of direction in Army regulations concerning a suspension of a favorable personnel action (FLAG).[2]

On 7 July 2016, SPC Brooks was meeting with his probation officer in Chicago, Illinois. The probation officer informed SPC Brooks that the Army filed a deserter's warrant. He was then apprehended by the U.S. Marshals and returned to military control. In July 2016, appellant was charged with desertion. The charge sheet shows he was being paid as a SPC until trial. On 25 August 2016, appellant pleaded guilty to the charge of desertion.

That same day, appellant's defense counsel requested the CA defer any automatic forfeitures and the adjudged reduction.[3] Appellant executed a Post-Trial

---

[2] A duty status of absence without leave mandates a nontransferable FLAG under Army Reg. 600-8-2, Personnel-General: Suspension of Favorable Personnel Actions (Flag) [hereinafter AR 600-8-2], para. 2-2(c)(4) (11 May 2016). A FLAG deems a soldier ineligible for promotion in accordance with AR 600-8-2, para. 1-10(a)(7).

[3] Appellant's defense counsel also requested waiver of any automatic forfeitures or automatic reductions in rank after action. This request was moot, since appellant was released from confinement before action and placed on voluntary excess leave about three weeks after trial.

and Appellate Rights Advisement. Appellant acknowledged that the reduction went into effect 14 days after the sentence was adjudged or the date of the CA's action, whichever is earlier. On 20 September 2016, appellant was released from confinement and placed on voluntary excess leave. Effective that day, his pay and allowances stopped. The CA never acted on the deferral request and took final action on 30 November 2016.[4]

The military judge did not adjudge forfeitures. Therefore, the only issue before the CA was the deferral of the adjudged reduction and the deferral of the automatic reduction and forfeitures. The CA could have approved the deferral of the adjudged and automatic reduction to E-1 and deferred the automatic forfeiture of two-thirds pay.[5]

## LAW AND DISCUSSION

Rule for Courts-Martial 1101(c) authorizes a CA, in his or her discretion, to grant or deny a request to defer a sentence to confinement, forfeitures, or reduction in grade. For deferral requests, an accused has the "burden of showing the interests of the accused and the community in deferral outweigh the community's interest in imposition of the punishment on its effective date." *Id*. There is no authority for a CA to fail to act at all on a timely deferment request. *United States v. Sebastian*, 55 M.J. 661, 663 (Army Ct. Crim. App. 2001); *see also United States v. Kolodjay*, 53 M.J. 732, 734-35 n.5 (Army Ct. Crim. App. 1999) ("Requests for deferment of confinement, forfeitures, or reductions in grade must be processed expeditiously."), *pet. denied*, 55 M.J. 360 (C.A.A.F. 2001). We agree there was error in the record of trial since there is no CA action on appellant's deferral request.

In the context of an allegation of error in the processing of a deferral request, appellant must make a "colorable showing of possible prejudice" that "the CA would have granted the deferment absent consideration of an unlawful or improper reason." *United States v. Dean*, 74 M.J 608, 611 (Army Ct. Crim. App. 2015) (citing *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998); *United States v. Zimmer*, 56 M.J. 869, 874 (Army Ct. Crim. App. 2002). Courts must determine if an appellant has made a "colorable showing that he was denied the opportunity to put before the

---

[4] The government received appellant's deferral and waiver request on 26 August 2016. However, the Brigade Legal Office never forwarded the request to the SJA for the CA's action.

[5] Appellant was sentenced to a bad-conduct discharge. Therefore, mandatory forfeitures of pay applied and took effect fourteen days after the date on which the sentence was adjudged. The jurisdictional limit of a special court-martial is forfeiture of two-thirds pay and allowances. Under Article 58b(a)(2), UCMJ, mandatory forfeitures only apply during periods in which the servicemember is in confinement.

CA matters that could have altered the outcome." *United States v. Lowe*, 58 M.J. 261, 264 (C.A.A.F. 2003) (citing *United States v. Anderson*, 53 M.J. 374, 378 (C.A.A.F. 2000)). An appellant does not make a colorable showing of possible prejudice by "sheer speculation." *United States v. Brown*, 54 M.J. 289, 293 (C.A.A.F. 2000).

Under the facts of this case, we conclude that appellant forfeited the issue. The Staff Judge Advocate Recommendation (SJAR) specifically stated there were no approved deferment or waiver requests. Appellant submitted R.C.M. 1105 and 1106 post-trial matters. Appellant had "no additions, corrections, or deletions" to the SJAR and elected to not to submit any matters to the CA. This filing was appellant's chance to correct the erroneous SJAR or point out the CA did not respond to his deferral request. Indeed, the entire back and forth procedures under R.C.M. 1105, 1106, and 1107 are to provide appellant this opportunity. Even without forfeiture, appellant would not be entitled to relief as he failed to make a colorable showing of prejudice.[6]

After consideration of the entire record of trial to include appellant's erroneous promotions during his desertion and pay as a SPC between the time of his apprehension and trial, we find appellant forfeited the issue and relief is not warranted.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

[6] We note that *Dean* adopted the colorable showing of prejudice standard of review for an accused's post-trial submissions under R.C.M. 1105 and R.C.M. 1106. However, a convening authority's decision on a deferment request is reviewed for an abuse of discretion. *See*, R.C.M. 1101(c)(2). Thus in *Dean* we applied a standard of review ("colorable showing") that was designed for the convening authority's plenary Article 60, UCMJ, power, when the convening authority's power to defer punishments is not plenary and is subject to review for an abuse of discretion. *Id.* While this calls into question the logic of *Dean*, we do not revisit the decision today as it does not affect the outcome of the case. Appellant would not be entitled to relief under either standard.