Judge BAKER
delivered the opinion of the court.
On November 16, 1999, appellant pled guilty without the benefit of a pretrial agreement to unauthorized absence, larceny, and forgery, in violation of Articles 86, 121, and 123, Uniform Code of Military Justice, 10 USC §§ 886, 921, and 923, respectively. A military judge sitting as a special court-martial found appellant guilty in accordance with these pleas and adjudged a bad-conduct discharge, confinement for 100 days, and a fine of $1,500. The convening authority approved the sentence as adjudged, and the Court of Criminal Appeals affirmed in an unpublished opinion. No. 200000895 (N.M.Ct.CrimApp. May 7, 2001). The granted issue requires our review of the post-trial handling of a military servicemember’s case.[1] Here, we find error and remand.
*2 BACKGROUND
After announcing the sentence during appellant’s court-martial, the military judge made the following comments on the record:
I would ask the trial counsel to pass to the convening authority the nature and content of the accused’s stated desire to have another chance and that he’s learned his lessons and that the convening authority and the chain of command that knows Seaman Recruit Williams take into consideration whether they want to defer or suspend any portion of this sentence in order to allow him to have a suspended bad-conduct discharge and demonstrate that his stated desire to continue his enlistment is something that he can pull off.
I say that in light of the nice testimonials from two pastors and from his mother concerning his intended desire to do well in the Navy, as well as his youth, and realizing that hopefully, if he has learned from this experience and the brig can perform its rehabilitative function, that Seaman Recruit Williams may have an opportunity to fulfill that enlistment.
On January 19, 2000, trial defense counsel submitted matters to the convening authority on behalf of appellant pursuant to RCM 1105, Manual for Courts-Martial, United States (2000 ed.).[2] The submission expressly requested, inter alia, that the convening authority suspend the bad-conduct discharge. However, it did not reference the military judge’s comments made on the record. The command judge advocate’s recommendation (CJAR), dated April 19, 2000, includes the first paragraph of the military judge’s comments quoted above, but not the second paragraph. Trial defense counsel acknowledged receipt of the recommendation on May 24, 2000; however, the convening authority issued his action the previous day, May 23, 2000.
RCM 1106(f) requires the following:
(1) Service of recommendation on defense counsel and accused. Before forwarding the recommendation and the record of trial to the convening authority for action under RCM 1107, the staff judge advocate or legal officer shall cause a copy of the recommendation to be served on counsel for the accused.
The court below found failure to serve defense counsel prior to the convening authority’s action in this case to be harmless error since the commander’s action stated that he had considered the CJAR, the accused’s RCM 1105 submissions, and the record of trial. On January 15, 2002, this Court granted appellant’s motion to attach trial defense counsel’s sworn declaration that the recommendation was not served on him until after the convening authority had taken action in the case. He also stated:
... I would have commented on the command judge advocate’s selective excerpting of the military judge’s clemency recommendation. I would have provided the omitted portion of the clemency recommendation to the convening authority with a request that he thoroughly consider the recommendation of the military judge in its entirety and that he accordingly suspend MSSR Williams’ bad-conduct discharge.
DISCUSSION
The Government’s contention is that appellant has failed to make a colorable showing of prejudice under United States v. Chatman, 46 MJ 321 (1997). We have consistently held that “service of the SJA’s recommendation on the accused’s counsel is a critical part of the accused’s post-trial representation.” United States v. Mark, 47 MJ 99, 101 (1997)(citing United States v. Moseley, 35 MJ 481, 484-85 (CMA 1992)). Further, we agree with Judge Gierke’s view espoused in Moseley that
[t]he service requirement in Article 60(d), Uniform Code of Military Justice, 10 USC § 860(d) (1986), and RCM 1106(f), Manual for Courts-Martial, United States, 1984, was intended to incorporate the procedures mandated by this Court in United States v. Goode, 1 MJ 3 (CMA 1975). S.Rep. No. 53, 98th Cong., 1st Sess. 20-21 (1983), U.S.Code Cong. & Admin.News *3 1983, pp. 2177, 2185-86; Drafters’ Analysis, Manual, supra at A21-73. The purpose of the service requirement imposed in Goode was “to eliminate delays encountered in claims of error in post-trial reviews and the exhaustion of appellate resources when such error could easily and expeditiously be resolved prior to the convening and supervisory authorities’ actions.” United States v. Hill, 3 MJ 295, 296 (CMA 1977).
Moseley, supra at 486 (concurring in part and dissenting in part).
In Chatman, we addressed the question of the standard to be applied when a staff judge advocate fails to serve on the defense a copy of an addendum that contains “new matter” to which an accused has the right to respond. See RCM 1106(f)(7). We required an appellant to “demonstrate prejudice by stating what, if anything, would have been submitted to deny, counter, or explain the new matter.” 46 MJ at 323 (internal quotations omitted). We further indicated that “the threshold should be low, and if an appellant makes some colorable showing of possible prejudice, we will give that appellant the benefit of the doubt and we will not speculate on what the convening authority might have done if defense counsel had been given an opportunity to comment.” Id. at 323-24 (internal quotations omitted)(emphasis added). In United States v. Howard, 47 MJ 104, 107 (1997), we extended this standard to cases involving failure to serve the original recommendation on defense counsel.
We accept without more trial defense counsel’s statement in his declaration that he would have commented on the command judge advocate’s failure to include the second part of the military judge’s comments.[3] We disagree with the Government that the omitted part of the military judge’s comments was simply a repeat of the first part. In the second part of his comments, the military judge stated the basis for his personal view that appellant was worthy of the type of clemency he was recommending. These comments indicated that the “nice testimoni-. als from two pastors and from his mother concerning his intended desire to do well in the Navy,” considered by the military judge during sentencing, had moved him to make this particular clemency recommendation. More importantly, the second part of the military judge’s comments included his favorable assessment of appellant’s rehabilitative potential. Given the numerous offenses with which appellant was originally charged,[4] the convening authority might logically have given the on-the-record remarks little weight in the absence of the military judge’s stated reasons for making them.
“The essence of post-trial practice is basic fair play—notice and an opportunity to respond.” United States v. Leal, 44 MJ 235, 237 (1996). It certainly would have been within the convening authority’s discretion to decline the military judge’s recommendation, even had counsel been provided the opportunity to comment. However, appellant had the right to have his counsel served the recommendation in accordance with RCM 1106(f). In this case, he also had the attendant right to respond to the command judge advocate’s failure to include the military judge’s favorable recommendation in its entirety. We hold that appellant was denied these rights when his counsel was not served the recommendation prior to the convening *4 authority’s action, and that he has made a “colorable showing” of prejudice.[5]
DECISION
The decision of the United States Navy-Marine Corps Court of Criminal Appeals and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to a convening authority for a new post-trial recommendation and action. Thereafter, Articles 66 and 67, UCMJ, 10 USC §§ 866 and 867, respectively, will apply.

. Granted Issue:
WHETHER THE COURT OF CRIMINAL APPEALS ERRED IN FAILING TO REMAND THIS CASE TO THE CONVENING AUTHORITY FOR A NEW COMMAND JUDGE ADVOCATE’S RECOMMENDATION AND CONVENING AUTHORITY’S ACTION CONSISTENT WITH THE ASSIGNMENT OF ERROR RAISED BELOW.

. All Manual provisions cited are identical to those in effect at the time of trial.

. Neither the record nor defense counsel's declaration mentions when counsel became aware of the fact that the convening authority had already issued his action by the time the CJAR was received. We remind counsel that RCM 1107(f)(2) allows the convening authority to recall and modify any action prior to forwarding the record for review.

. In addition to the offenses to which appellant entered pleas of guilty, he was also charged with five specifications of failure to go, one specification of disrespect to a chief warrant officer, one specification of disrespect to petty officers, one specification of disobeying a commissioned officer, one specification of disobeying a petty officer, two specifications of making false officials statements, and one specification of communicating a threat. These offenses were withdrawn without prejudice by the government just before the military judge entered findings of guilty in accordance with appellant's pleas. They were ultimately dismissed by the Government at trial.

. We have become increasingly concerned with what we view as a lack of attention to the post-trial process. For instance, the convening authority's action in this case purports to implement appellant’s automatic reduction to E-l under Article 58a, UCMJ, 10 USC § 858a. This is curious since appellant was already at grade E-l at the time of trial.