UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SULLIVAN, COOK, BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class DONALD J. SPEAKMAN
 United States Army, Appellant

 ARMY 20070951

 Headquarters, Joint Task Force Guantanamo
 Peter E. Brownback III, Military Judge
 Captain Patrick M. McCarthy, USN, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Major Teresa L.
Raymond, JA; Major Leonard W. Jones, JA.

For Appellee: Colonel Denise R. Lind, JA; Lieutenant Colonel Mark H.
Sydenham, JA; Major Lisa L. Gumbs, JA; Captain Anthony O. Pottinger, JA.

 29 January 2009

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 Appellant was convicted, pursuant to his pleas, of conspiracy to
commit an assault, assault, adultery, and providing alcohol to minors (two
specifications), in violation of Articles 81, 128, and 134, Uniform Code
of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 928, and 934,
respectively. The case is before us for review pursuant to Article 66,
UCMJ, and appellant raises several issues relating to errors in the post-
trial processing of his case. The record of trial (ROT), including allied
papers, forwarded for our review was poorly prepared and missing many of
the documents required by Rule for Court-Martial [hereinafter R.C.M.]
1103(b)(3). Government counsel has commendably filled much of the void
with its appellate exhibits, but has been unable to provide any evidence
that either appellant or trial defense counsel was served with the staff
judge advocate’s post-trial recommendation (SJAR) prepared under R.C.M.
1106. Appellant complains, inter alia, that the SJAR fails to list fully
all awards and decorations, and asserts it was not served on either
appellant or his defense counsel for comment or correction prior to the
convening authority taking action. Appellant has submitted a supporting
affidavit from trial defense counsel on the failure to serve and on the
corrective action trial defense counsel would have taken had the inaccurate
SJAR been served. Although the government contends the SJAR omitted only
“comparatively minor” awards,[1] government counsel join with appellant and
agree the ROT should be returned for a new SJAR and action in light of the
government’s failure to serve the SJAR on appellant and his defense
counsel. See United States v. Williams, 57 M.J. 1, 3 (C.A.A.F. 2002) (where
SJAR not served on trial defense counsel prior to action, low threshold of
“colorable showing of possible prejudice” met by trial defense counsel’s
sworn declaration on comments he would have made as to omissions in the
SJAR). We will do as both parties request.

 The convening authority’s initial action, dated 7 December 2007, is
set aside. The record of trial is returned to The Judge Advocate General
for a new SJAR and a new initial action by the same or a different
convening authority in accordance with Article 60(c)-(e), UCMJ.[2]

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] We are not necessarily convinced the omitted Global War on Terrorism
(GWOT) Expeditionary Medal is “comparatively minor,” reflecting as it does
an overseas deployment in direct support of GWOT Operations. See Exec.
Order No. 13289, 68 Fed. Reg. 12,567 (Mar. 12, 2003) (establishing the GWOT
expeditionary and the GWOT service medals); Army Reg. 600-8-22, Personnel-
General: Military Awards, para. 2-18 (11 December 2006). Government
counsel, however, question whether appellant was entitled to wear the GWOT
Expeditionary Medal in the first place, noting that Cuba is not listed as a
geographical location for award entitlement. We need not, however, resolve
the issue to decide on appropriate relief.

[2] The new action should reflect, inter alia, the correct plea to the
Specification of Charge III, the correct UCMJ article of Charge V, and the
language in Specifications 3 and 4 of Charge V, subsequently amended, on
which appellant was arraigned.