UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, CONN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist STEVEN E. SPENCER
 United States Army, Appellant

 ARMY 20060040

 25th Infantry Division and United States Army, Hawaii
 Debra L. Boudreau and Mark Toole, Military Judges
 Colonel Timothy J. Pendolino, Staff Judge Advocate (first recommendation)
 Lieutenant Colonel James H. Robinette, II, Staff Judge Advocate (first
 addendum)
 Lieutenant Colonel Ian R. Iverson, Acting Staff Judge Advocate (second
 recommendation)
 Lieutenant Colonel Martin L. Sims, Staff Judge Advocate (second addendum)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Grace M. Gallagher, JA; Lieutenant Colonel Jonathan F.
Potter, JA (on additional pleadings); Colonel Christopher J. O’Brien, JA;
Lieutenant Colonel Steven C. Henricks, JA; Major Sean F. Mangan, JA;
Lieutenant Colonel Jonathan F. Potter, JA (on brief).

For Appellee: Major Elizabeth G. Marotta, JA; Captain Michael C. Friess,
JA; Captain Sarah J. Rykowski, JA (on brief).

 31 July 2009

----------------------------------------------------------------------------
 ------------------
 SUMMARY DISPOSITION AFTER NEW RECOMMENDATION AND ACTION
----------------------------------------------------------------------------
 ------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of conspiracy to wrongfully introduce
with intent to distribute Lysergic Acid Diethylamide (LSD) onto a military
installation, wrongful introduction with intent to distribute a controlled
substance (LSD and marijuana) onto a military installation, wrongful use of
a controlled substance (LSD, cocaine, marijuana, and
methylenedioxymethamphetamine (ecstasy) (four specifications)), and
wrongful distribution of LSD, in violation of Articles 81 and 112a, Uniform

Code of Military Justice, 10 U.S.C. §§ 881 and 912a [hereinafter UCMJ]. A
panel of officer and enlisted members convicted appellant, contrary to his
pleas, of wrongful distribution of ecstasy, in violation of Article 112a,
UCMJ, and sentenced appellant to a bad-conduct discharge, confinement for
eighteen months, and reduction to Private E1.

 On 29 May 2008, we issued a memorandum opinion finding the initial
action ambiguous as to whether the convening authority approved the
adjudged bad-conduct discharge. We further noted other errors and
omissions in the Staff Judge Advocate (SJA) Recommendation (SJAR). The
record of trial was returned “to the Judge Advocate General for a new [Rule
for Courts-Martial (R.C.M.)] 1106 post-trial recommendation and new initial
action by the same convening authority in accordance with Article
60(c)–(d), UCMJ.”

 On 19 February 2009, the convening authority executed a new action
explicitly approving the sentence to a bad-conduct discharge. On 6 March
2009, the record of trial (ROT) was returned to this court for further
review and we ordered appellate counsel to submit additional pleadings, if
necessary. The ROT forwarded for our review did not contain some of the
documents required by R.C.M. 1103(b)(3), including the corrected SJAR, and
evidence that appellant or his counsel was served with the corrected SJAR
and provided an opportunity to submit new clemency matters.

 On 21 July 2009, appellate defense counsel submitted a Motion to
Attach an Affidavit from appellant. In the affidavit appellant states that
he was never contacted by any trial defense counsel regarding his
opportunity to submit new clemency matters. Appellant detailed items he
would have submitted had he been afforded the opportunity.

 Through contact with the convening authority, the void in the record
has been partially resolved with a copy of the new SJAR, dated 14 October
2008.( However, the SJA is unable to provide any evidence that either
appellant or trial defense counsel was served with the SJAR prepared
pursuant to R.C.M. 1106. In light of the government’s failure to serve the
SJAR on appellant and his defense counsel, the ROT should be returned for a
new SJAR and action. See United States v. Williams, 57 M.J. 1, 3 (C.A.A.F.
2002) (where SJAR not served on trial defense counsel prior to action, low
threshold of “colorable showing of possible prejudice” met by trial defense
counsel’s sworn declaration on comments he would have made as to omissions
in the SJAR).

 Accordingly, the record of trial is again returned to The Judge
Advocate General for a new R.C.M. 1106 post-trial recommendation and new
initial action by the same or a different convening authority in accordance
with Article 60(c)–(d), UCMJ. Thereafter, Article 66, UCMJ, will apply.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
( This e-mailed document was served on appellate defense and government
counsel on 30 July 2009 before being inserted into the record.