# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

―――――――――――

No. 201600254

―――――――――――

## UNITED STATES OF AMERICA
Appellee

v.

## D'ANDRE C. JOHNSON
Airman Recruit (E-1), U.S. Navy
Appellant

―――――――――――

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Robert J. Crow, JAGC, USN.
Convening Authority: Commanding Officer, Naval Air Technical Training Center, Pensacola, FL.
Staff Judge Advocate's Recommendation: Lieutenant Christopher Ironroad, JAGC, USN.
For Appellant: Lieutenant Commander Derek C. Hampton, JAGC, USN.
For Appellee: Captain Sean M. Monks, USMC; Lieutenant James M. Belforti, JAGC, USN.

―――――――――――

Decided 31 January 2017

―――――――――――

Before MARKS, FULTON, and GLASER-ALLEN, *Appellate Military Judges*

―――――――――――

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, consistent with his pleas, of one specification each of intentionally abandoning watch, absence from unit, willful disobedience of a noncommissioned officer, disrespect toward a noncommissioned officer, willful disobedience of a petty officer, disrespect toward a petty officer, and two specifications of making a false official statement, in violation of Articles 86, 91, and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 891, and 907. The military judge sentenced the appellant to six months' confinement and a bad-conduct discharge. In accordance with a pretrial

agreement, the convening authority (CA) approved the sentence as adjudged but suspended all confinement in excess of three months.

The case was submitted to the court without assignment of error. On consideration of the case, we specified the following issue:

> Did the appellant receive the effective assistance of counsel in his post-trial representation when detailed defense counsel requested relief outside the authority of the convening authority to grant? If not, was the appellant prejudiced by this deficiency?

After careful consideration of the record of trial and the pleadings of the parties, we find that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant was an airman recruit assigned to Naval Air Technical Training Center in Pensacola, Florida. While serving a period of restriction imposed for earlier misconduct, the appellant committed several offenses, including disrespecting and disobeying his superiors, abandoning his watch, and making false official statements.

After the appellant's court-martial, the staff judge advocate provided the staff judge advocate's recommendation (SJAR) to the CA, advising him that "action on the guilty findings or sentence is a matter within your discretion," and that he must consider post-trial matters submitted by the appellant's counsel "in determining whether to approve or disapprove any of the findings of guilty and the action you take on the sentence."[1] After receiving the SJAR, the trial defense counsel (TDC) submitted a clemency request, asking the CA to disapprove the bad-conduct discharge.

## II. DISCUSSION

A military accused is entitled to the effective assistance of counsel. Art. 27(b), UCMJ; *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). The right to effective assistance of counsel extends to post-trial requests for clemency. *United States v. Palenius*, 2 M.J. 86, 93 (C.M.A. 1977) ("After trial and conviction of the accused, the trial defense attorney should and can with honor be of much more assistance to his client and to the court. . . . This includes the reviewing of the staff judge advocate's report with his client . . . .").

---

[1] SJAR dated 6 Jul 2016 at 1, 2.

We apply the two-pronged test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to determine whether counsel rendered ineffective representation. To prevail on a claim of ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687) (additional citation omitted).

Courts are not required, however, to determine whether counsel's performance was deficient before first examining whether the appellant suffered any prejudice. *United States v. Datavs*, 71 M.J. 420, 424-25. (C.A.A.F. 2012). In evaluating claims of post-trial ineffective assistance of counsel, the threshold for finding prejudice is low; an appellant must merely make "some colorable showing of possible prejudice." *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997) (citations omitted).

We find that the appellant has made no such showing. The appellant was no longer confined at the time of the request. His pay grade was not reduced by the court-martial (he was already serving in the pay grade of E-1), and he automatically forfeited two-thirds of his pay only during the 45 days' confinement he served after trial. Having requested significant clemency from the CA—who apparently believed himself authorized to grant it—the appellant did not receive even the lesser clemency that the CA was authorized to grant. The appellant has submitted no evidence indicating that he would have made a different request but for his counsel's erroneous view of Article 60, UCMJ. *Cf. United States v. Williams*, 57 M.J. 1 (C.A.A.F. 2002) (TDC's post-trial affidavit showing what steps he would have taken absent post-trial error sufficient to make a colorable showing of possible prejudice). Therefore we do not reach the issue of whether TDC's performance was deficient. We find that the appellant has not made a colorable showing of possible prejudice, and that no error materially prejudiced a substantial right of the appellant. Arts. 59(a) and 66(c), UCMJ.

### III. CONCLUSION

The findings and sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court