# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private JACOB B. POWELL**
**United States Army, Appellant**

ARMY 20150775

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Clinton J. Johnson, Military Judge
Colonel David E. Mendelson, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Katherine L. DePaul, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

31 January 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

FEBBO, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of sexual abuse of a child, in violation of Article 120b of the Uniform Code of Military Justice, 10 U.S.C. § 920b (2012 & Supp. I 2014) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1.  Pursuant to the pretrial agreement, the convening authority approved only ten months of confinement, but otherwise approved the sentence as adjudged.

This case is before the court for review under Article 66(c), UCMJ.  Appellant raises one assignment of error that his defense counsel was ineffective in the post-trial phase of his courts-martial by limiting appellant's request for clemency in his Rule for Courts-Martial [hereinafter R.C.M.] 1105 matters.  Although we find that the defense counsel incorrectly stated the convening authority's clemency powers, the Staff Judge Advocate Post-Trial Recommendation (SJAR) and Addendum properly advised the convening authority that Article 60, UCMJ, did not limit the

convening authority's discretion to disapprove, commute, or suspend any part of the adjudged sentence. We find appellant failed to show a reasonable probability that, but for counsel's error, the result of the post-trial proceeding would have been different. Therefore, we find that appellant has not made a "colorable showing of possible prejudice" by the misstatement of Article 60, UCMJ, and affirm the findings and sentence. Additionally, we find those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## BACKGROUND

In April 2014, appellant sent lewd texts and a naked picture of himself with an erect penis to a Ms. KL. Appellant knew Ms. KL was under the age of sixteen when he sent the lewd texts and photograph to Ms. KL.

The National Defense Authorization Act (NDAA) of Fiscal Year 2014 changed the authority of convening authorities to take action on certain sentences under Article 60, UCMJ. Pub. L. No. 113-66, 127 Stat. 672 (2013). In particular, a convening authority could not "disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or a bad conduct discharge" except under certain limited circumstances and became effective on 24 June 2014.[1] *Id*. at 956. Executive Order 13696 promulgated the corresponding changes to R.C.M. 1107. Exec. Order. No. 13696, 80 Fed. Reg. 35,783 (17 June 2015). Since appellant's offenses occurred in April 2014, the new limitations on the convening authority's action did not apply to appellant's court-martial. Thus the convening authority had discretion to disapprove some or all of appellant's sentence to confinement. R.C.M. 1107(d)(1) (2012 ed.).

In January 2016, as part of appellant's R.C.M. 1105 matters, his defense counsel erroneously included the following statement to the convening authority:

> The Changes [sic] to Article 60, UCMJ, mean that you cannot grant PVT Powell any relief in the form of early release in order that he may see the birth of his child.

---

[1] The law provided two exceptions: the convening authority may take favorable action on the sentence upon the recommendation of trial counsel, based upon "substantial assistance" of an accused in the investigation or prosecution of another person, or in accordance with the terms of a pretrial agreement. UCMJ art. 60(c)(4)(B) and (C). Here, the government recommended no clemency and appellant pleaded guilty with a pretrial agreement limiting confinement to ten months.

Instead of asking the convening authority for a reduction in his sentence beyond the ten-month term of his pretrial agreement, appellant renewed a previously denied request for deferrals and waivers of his reduction in rank and forfeiture of pay for six months for the benefit of his spouse, children, and unborn child.

Prior to convening authority taking final action, the staff judge advocate (SJA), in both the SJAR and Addendum, advised the convening authority properly:

> Based on the date of the commission of the offenses for which there is a finding of guilty, R.C.M. 1105 does not limit your discretion and prerogative to dismiss a finding of guilty or to disapprove, commute, or suspend any part of the adjudged sentence.

The convening authority denied appellant's request to defer the reduction to E-1 as well as the request to waive the automatic reduction to E-1 and automatic forfeiture. Appellant states his main goal for clemency was to request that the convening authority disapprove confinement in excess of what was agreed upon in his pretrial agreement so he could be present for the birth of his daughter.

## LAW AND DISCUSSION

The Sixth Amendment guarantees an accused the right to effective assistance of counsel. *United States v. Captain*, 75 M.J. 99, 102 (C.A.A.F. 2016). This guarantee extends to assistance during the post-trial phase of a court-martial. *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001). We review claims that an appellant did not receive effective assistance of counsel de novo. *Captain*, 75 M.J. at 102.

"In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *Id.* at 102 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). When assessing *Strickland*'s first prong, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *Strickland*, 466 U.S. at 689). When assessing *Strickland*'s second prong, "appellant must show a reasonable probability that, but for counsel's errors, there would have been a different result." *Captain*, 75 M.J. at 103 (citing *United States v. Quick*, 59 M.J. 383, 387-87 (C.A.A.F. 2004)).

In the context of an allegation of ineffective assistance during the post-trial phase, because of the highly discretionary nature of the convening authority's clemency power, appellant meets this burden if he makes "some colorable showing of possible prejudice." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999) (citing

*United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). *See also United States v. Rosenthal*, 62 M.J. 261, 263 (C.A.A.F. 2005). However, there is no per se or bright line rule establishing ineffective assistance of counsel when clemency matters are not submitted on behalf of an appellant. Courts must determine if an appellant has made a "colorable showing that he was denied the opportunity to put before the [convening authority] matters that could have altered the outcome." *United States v. Lowe*, 58 M.J. 261, 264 (citing *United States v. Anderson*, 53 M.J. 374, 378 (C.A.A.F. 2000)). An appellant does not make a colorable showing of possible prejudice by "sheer speculation." *United States v. Brown*, 54 M.J. 289, 293 (C.A.A.F. 2000).

We agree that the defense counsel was deficient in his performance when he misunderstood the convening authority's power to take action under Article 60, UCMJ. However, after consideration of the record of trial, we find appellant has not made a "colorable showing of possible prejudice." Thus he has not satisfied the second prong of the *Strickland* test as applied in the post-trial context. With regard to the failure of the defense counsel to properly explain the application of Article 60, UCMJ, the convening authority obtains legal advice and recommendations from the SJA. The SJAR and Addendum properly explained the scope of clemency available to the convening authority.

This case is not one where counsel failed to submit any post-trial matters. Appellant avers that the convening authority should have been asked for a sentence reduction so he could see the birth of his daughter due on 13 April 2016. However, this motivation for reduction was clear from the letters and ultrasound in the R.C.M. 1105 and 1106 matters. Based on the pregnancy and financial hardship on his spouse, appellant requested deferral of the adjudged reduction in rank and waiver of automatic forfeitures. After being correctly advised by the SJA the date of the offense did not limit the convening authority's discretion to grant clemency, the convening authority specifically denied these requests for deferral and waiver and approved the sentence to confinement in accordance with the pretrial agreement, thus denying any implicit clemency request.

Given the seriousness of the offenses, the favorable terms of the pretrial agreement, the proper advice by the SJA on the clemency rules, and denial of the request for lesser-forms of clemency, appellant has not made a "colorable showing of possible prejudice" that the convening authority would have granted a sentence reduction if requested by appellant and his defense counsel. There is no possible prejudice flowing from the defense counsel's misstatement of the application of Article 60, UCMJ.

**CONCLUSION**

The findings of guilty and the sentence are AFFIRMED.

Judge MULLIGAN and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court